1. The only issue at the hearing of a rule for contempt on account of a failure to pay a temporary-alimony judgment being the ability or inability of the husband to make the delinquent payments, upon which he was adjudged in contempt for his failure and refusal to pay, the contention of the husband that the judgment is contrary to law because it is without evidence to support it is, under the evidence in this case, without merit. See, in this connection, Arnold v. Arnold, 195 Ga. 304 (4, 5) (24 S.E.2d 12), and cases therein cited.
2. There was no error in excluding from the evidence the affidavits of three physicians, for the reason that the affidavits were executed to be used in another and previous case.
Judgment affirmed. All the Justicesconcur.
 No. 15067. FEBRUARY 17, 1945. REHEARING DENIED MARCH 7, 1945.
Mrs. Zula West filed a petition for contempt of court against A. N. West for his failure to comply with a judgment awarding her temporary alimony. Upon a hearing, West was adjudged in contempt for his failure to comply with the judgment awarding such alimony. The exception is to that judgment.
This issue was before this court in West v. West,197 Ga. 566 (30 S.E.2d 92), where West had failed to pay a monthly installment of alimony of $150. There he was adjudged in contempt of court, and the judgment was affirmed. The instant case is for his failure to pay subsequent installments based upon the same judgment awarding alimony. The record containing the testimony in this case is voluminous. Substantially the same facts appear as are recited in West v. West, supra, with the additional facts testified to by the defendant West. He testified in substance, so far as is here material, that he sold his business in the spring of 1943, and had in his possession at that time the gross sum of $20,186; that his wife obtained possession of the money sack containing this cash, and when she gave it back to him approximately half of the *Page 144 
money was gone (his wife denied this); that he had been sick, had had two operations, was now physically unable to work, had spent money on trips with his wife, and all the money he had left had been spent; and that he then had no money and no income.
Jack West, son of the plaintiff and the defendant, testified: "I helped my father count the money and add it up on that machine. The last time that I helped him count the money, the time I used the machine, was about two or three nights before we left. I am speaking about the time that my mother separated from him in March. I helped him count the money. I used the machine. Two or three nights before my mother left, we counted about $35,000."
The defendant West testified that, a short time before the hearing, his wife stated to him in substance that she knew he did not then have any money with which to pay her the alimony, but that she intended to give him all the trouble she could. She denied this. She testified that West told her that he had the money, and she knew he had it, but she could not prove that he did have the money, and he was not going to pay her. She was corroborated in this testimony by the son Jack. The husband denied the truth of this testimony. As before stated, the testimony was voluminous, but what is above recited is a substantial statement of all of the facts material to a consideration of the issue before this court.
The plaintiff in error tendered in evidence the affidavits of three physicians, one dated June 28, 1943; one, January 13, 1944; and one, January 14, 1944. All were entitled in case No. 141, 713. The instant case was numbered 147,713. The affidavits thus appear to have been executed to be used on the hearing of another and previous case. They were ruled out of the evidence upon timely objection, and this is made the basis of an exception.