## 21786. ADAMS v. ADAMS.

CANDLER, Justice. On February 13, 1961, a decree divorcing Mrs. Virginia Rudd Adams and Herman Thomas Adams was granted by the Superior Court of Floyd County. Prior to the divorce decree and in contemplation of it, they entered into a contract by the terms of which he agreed to pay her on the 13th day of each succeeding month $225 as permanent alimony until her death or remarriage. As alimony, he also agreed to pay her an amount sufficient to meet the tuition of their son while attending Shorter College as a day student, together with the cost of his books and school supplies. The contract made other provisions for the wife which it is not

necessary to here point out. Pursuant to the terms thereof, the contract was incorporated in and made a part of the final decree in their divorce action. There was no exception to the decree. On June 1, 1962, Mrs. Adams filed a contempt proceeding against her former husband alleging that he had only paid $160.26 on the alimony award for November 1961; that he had not paid any part of the award of $225 which was due her for the month of May 1962; and that he had failed and refused to pay $279.84 which became due and should have been paid to Shorter College on April 9, 1962, for tuition and school supplies furnished their son which their contract and the alimony decree obligated and required him to pay to her for his benefit. On June 22, 1962, Mrs. Adams filed in the same court another contempt proceeding against her former husband in which she alleged that he had also failed and refused to pay the alimony installment of $225 due her for June 1962. Each petition filed by her alleges that it had been necessary for her to employ counsel to enforce her claim for the alimony which the decree awarded her, and there are prayers that the court award her attorneys reasonable compensation for their services. The defendant defended on the ground that he was financially unable to fully comply with the decree. The two proceedings were consolidated for the purpose of trial and the court found and held that he was not in contempt in either case and discharged him. Mrs. Adams excepted, and such parts of the evidence which are material to a consideration of the judgments complained of will be pointed out in the opinion. *Held:*

1. Alimony awards may be enforced by contempt proceedings. *Code* § 30-204; *Lipton v. Lipton,* 211 Ga. 442 (86 SE2d 299). On the hearing of such proceedings, the trial judge is the trior of the issue and is vested with broad discretionary power when the evidence on the issue of contempt is conflicting. *Brown v. Brown,* 155 Ga. 722 (118 SE 196). F. D. Hand, as a witness for the plaintiff, testified: He was in charge of the fiscal affairs of Pepperell Manufacturing Company, a corporation located in Floyd County. His company then and had for several years leased from the defendant Adams tractor-trailer units which it uses for hauling its goods. After Adams formed his corporation in August 1961, the same rental arrangements were continued with his cor-

poration. Under the terms of the lease contract, Pepperell Manufacturing Company both hires and pays the drivers of the leased equipment and, as to the leased equipment, it also pays all costs of maintenance, taxes, gas, oil, repairs, etc. From September 11, 1961, through June 30, 1962, the lessor paid Adams' company for the use of such equipment a sum slightly in excess of $52,000. The average weekly check to the lessor for the use of such equipment is $1,200. Adams personally picks up some of the checks and the others are mailed directly to his corporation. The defendant, as a witness in his own behalf, testified that he had, since the alimony decree was rendered against him, formed a corporation of which he is president. All of the stockholders of such corporation are his relatives. He had transferred to the corporation all of his assets. He had not been paid any amount for such assets which include 6 truck tractors and 7 van-type trailers of the value of "about $40,000 upon which there are mortgages of approximately $21,000 making his equity approximately $19,000." He receives a salary of $700 per month from the corporation for his service as president. The only other salary paid by the corporation is $100 per month to his mother as bookkeeper. He had not paid all of the alimony due his former wife under the decree and was unable to do so because his situation had changed and his income had decreased. In cases of this character, the only issue for determination is the defendant's financial ability or inability to pay the award fixed as alimony. *West v. West*, 199 Ga. 143 (33 SE2d 292). The facts related above are not disputed by any other evidence which the parties introduced on the hearing; and since such evidence, as we view it, clearly shows the defendant's financial ability to comply with the alimony awarded by the decree, we think and hold that the trial judge abused his discretion in refusing to find and hold him in contempt.

2. Since the evidence conclusively shows that the defendant had failed to pay the alimony awarded to his former wife for no justifiable reason, we hold that the court erred in not requiring him to pay her counsel a reasonable fee for services rendered her in these contempt proceedings which under the provisions of *Code Ann.* § 30-219 (Ga. L. 1947, p. 292) he is authorized to award but which cannot be less than $25.

3. For reasons stated in the preceding divisions the judgment complained of is erroneous.

*Judgments reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 11, 1962—DECIDED SEPTEMBER 18, 1962.

*Covington, Kilpatrick & Storey*, for plaintiff in error.
*Harl C. Duffey, Jr.*, contra.