21801. HAWKINS, formerly EDGE v. EDGE.

ARGUED OCTOBER 8, 1962—DECIDED NOVEMBER 8, 1962.

*Kelley Quillian, Alfred D. Fears,* for plaintiff in error.
*Denmark Groover, Jr., A. R. Barksdale, Bloch, Hall, Groover & Hawkins,* contra.

ALMAND, Justice. There is but one question presented for decision here, and that is: Did the trial judge, upon application made by the plaintiff for an order adjudging the defendant in contempt of court for non-payment of alimony, err in ruling that the defendant was not in wilful contempt of court?

The plaintiff, Mary Frances Dickerson Edge Hawkins, and the defendant, Allison Rass Edge, Jr., obtained a divorce at the January term, 1955, of the Newton County Superior Court and under said decree an agreement voluntarily entered into between the parties was made a part of same. Said agreement provided: (1) That the legal custody of their two children would be awarded to their mother, the plaintiff, but their father, the defendant, would have the right to visit said children at all convenient times and occasions; (2) That the children would remain in Georgia unless further ordered by the court; and (3) That the defendant would pay to the plaintiff, as temporary and permanent alimony for the support of the two minor children, the sum of $50 per month until the children reach their majority or marry or become self-supporting.

Subsequently to the aforesaid divorce decree, the plaintiff remarried and became desirous of leaving the State with her two

children to live with her new husband who was in the military service. To this end the plaintiff and the defendant did enter into a supplemental agreement executed in July, 1955, which provided that the two children could be removed from the State with their mother and further that the $50 per month support would cease.

The plaintiff did thereafter remove herself and her children from the State, going as far away as Germany, and the defendant ceased to pay the alimony. Plaintiff returned to the State in January, 1962, and has been living here with her minor children since. The evidence shows that the defendant is, and has been, financially able to pay the alimony and that the only reason which he offers for his failure to pay same was his reliance on the supplemental agreement. The defendant has made occasional gifts of cash to his children and has stated that he will pay the alimony to the plaintiff when told to do so by the court, but not until then.

The plaintiff upon her return to the State filed, on June 6, 1962, a petition wherein she prays that the defendant be held in contempt of court for his failure to pay the alimony. At the hearing, the trial judge ruled that the defendant was not in wilful contempt of court and on this ruling the plaintiff assigns error.

We are of the opinion that the trial judge did not grossly abuse his discretion in failing to find the defendant in contempt of court. "It is too well settled to need citation of authority that the decision of a judge on the question of contempt will not be disturbed by the Supreme Court, except in a case where such discretion has been grossly abused." *Warner v. Martin,* 124 Ga. 387, 392 (52 SE 446, 4 AC 180). The defendant having relied on the supplemental agreement, although said supplemental agreement was in fact invalid (*Glaze v. Strength,* 186 Ga. 613, 198 SE 721; and *Varble v. Hughes,* 205 Ga. 29, 52 SE2d 303) and was so held by the trial judge, and having indicated a willingness to pay the alimony when ordered to do so by the court, it was not error to discharge the rule for contempt. A case very much in point with the issue now before us is *Corriher v. McElroy,* 209 Ga. 885 (76 SE2d 782), wherein this court, in sustaining the

trial judge's failure to find the defendant in contempt, stated: "It cannot be held that there was a manifest abuse of discretion in this case, where the trial judge was authorized to find that the failure to pay was not because of unwillingness on the part of the respondent, or because of a wilful disobedience of the decree of the court, but, except for a small amount, was by virtue of an agreement with and the consent and indulgence of the present plaintiff, which, so far as the evidence shows, was never withdrawn or rescinded by her prior to the filing of the present suit, and upon the faith of which the respondent had failed to make payment in full. The defendant having admitted liability for the full amount specified in the decree, and expressed his willingness and intention to pay as soon as he was financially able to do so, it was not error to discharge the rule for contempt." It is suggested that the *Corriher* case is not controlling because in said case the defendant, upon finding that the agreement was invalid, admitted in full the debt and showed a willingness to make the payments as soon as he was financially able. It is argued that no such willingness is here shown and that the defendant, in fact, has stated that he did not intend to make payments until ordered to do so by the court. We do not concur in this reasoning. The evidence shows that this is the first effort made by the plaintiff to enforce the alimony subsequently to the execution by her of the supplemental agreement under which the defendant was relieved from making the payments. The defendant did not know that the agreement upon which he was relying was invalid until the trial judge so decreed in the same order now before us on appeal. Thus, it cannot be said that the defendant was unwilling to pay the alimony after he found out that the supplemental agreement was invalid. Any determination as to his willingness or unwillingness would necessarily have to follow his knowledge that the agreement upon which he had relied was invalid. The only evidence in this regard would tend to indicate a willingness on his part, as it is admitted by the plaintiff that he, the defendant, intended, or has stated that he intended, to make payments when ordered to do so by the court. A holding by the trial judge that the defendant was in wilful contempt would appear to have been premature. See also in

support of our decision, *Morris v. Sheffield*, 214 Ga. 63 (102 SE2d 595).

The principal case relied upon by the plaintiff in support of her contention that the trial judge erred in failing to find the defendant in contempt is *Swain v. Wells*, 210 Ga. 394 (80 SE2d 321), wherein this court held that the trial judge erred in discharging the defendant from contempt for failure to pay alimony. We point out that in the *Wells* case the reversal by this court did not amount to a holding that the defendant should have been ruled in contempt of court, but rather was for the purpose of granting a new hearing on the matter because this court was of the opinion that the trial judge had based, in part, his refusal to adjudge the defendant in contempt upon his erroneous opinion that the right of the plaintiff to enforce the obligation of the defendant to pay the alimony had ceased. No such erroneous opinion was the basis of the holding in the case presently before us.

All other cases cited in support of the position of the plaintiff stand solely for the proposition that no agreement entered into by parents can have the effect of nullifying or essentially modifying the final decree of a court awarding alimony for the support of a child so as to deprive the child of the support to which he is entitled by the decree. Such was the holding of the trial court in this case. The order of the trial court does not relieve the defendant from paying the alimony for the support of the children that is in arrears. The plaintiff has several available remedies to collect or enforce the payment of the past due alimony. See *McCullough v. McCullough*, 208 Ga. 776 (69 SE2d 764).

*Judgment affirmed. All the Justices concur.*