### 22015. WEINER v. WEINER.

MOBLEY, Justice. The defendant husband excepts to an order adjudging him in contempt of court for failure to pay $1,500 in accrued alimony which was due to have been paid at a rate of $150 per week. The plaintiff's evidence shows that defendant owns a shopping center with no vacancies which cost him $275,000 and on which he owes $127,500; three small houses; a building which encompasses an entire block; and securities which have a value of $60,000; that he has rental income of about $45,000 per year; that he pays about $15,000 per year on loans; that he is receiving a drawing account of about $294.50 per week as a traveling salesman for a shoe company, out of which amount he pays his expenses. While the defendant offered testimony that the houses, building, and securities are pledged as collateral on loans, he did not show how much is owed on these properties or how much equity he has in them. He testified generally that after paying his expenses he has no net income from his business. The burden is on defendant to show affirmatively that he is unable to pay the judgment of the court. The trial judge was authorized to find from the evidence that defendant was able to pay the alimony from his income. Furthermore, with defendant's large equity in a valuable shopping center, and with his other vast holdings of real estate and securities, no reason appears why he could not arrange financing such as would enable him to comply with the alimony judgment. The property as well as the income of a husband is considered in determining his ability to pay an alimony judgment. *Code* § 30-209;

*Fried v. Fried*, 211 Ga. 149, 151 (84 SE2d 576). He was able to finance a honeymoon trip to Europe for himself and his new wife at a cost of $6,500 by selling a house, and the evidence indicates that his financial condition is such that he can pay the judgment of the court. The court did not abuse its discretion in finding the defendant in contempt of court. *Arnold v. Arnold*, 195 Ga. 304 (4) (24 SE2d 12).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 13, 1963—DECIDED MAY 29, 1963.

*Aaron Kravitch*, for plaintiff in error.
*Lewis, Wylly & Javetz*, contra.