## 23571. HORTON v. HORTON.

CANDLER, Presiding Justice. Clarine Kelley Horton sued Wilburn Burnis Horton for divorce and alimony in the Superior Court of Coffee County. A divorce was granted on March 11, 1963. A contract between the parties, dated January 26, 1963, was attached to and made a part of the decree. By it Horton agreed to pay Mrs. Horton $40 per week so long as he was self-employed and $35 per week when employed by another, the payments to begin on February 1, 1963, and continue until her remarriage. On March 22, 1966, Mrs. Horton filed a contempt proceeding against her former husband, alleging that he was due her a balance of $2,055 on past due alimony installments. She also asked for $500 as counsel fees, a sum allegedly necessary for the prosecution of her contempt proceeding. After a hearing at which both parties introduced evidence, the defendant was adjudged in contempt and was ordered to pay $150 as counsel fees. The judgment however provided that he could purge himself of the contempt by full payment at that time of the balance due on the alimony decree. From this judgment the defendant appealed to this court. *Held:*

There must be a wilful disobedience of the court's decree or judgment by the offending party before he can be adjudged in contempt. *Corriher v. McElroy*, 209 Ga. 885 (76 SE2d 782) ; *Yancey v. Mills*, 210 Ga. 684 (82 SE2d 505). From the

evidence in this case we think a finding by the trial judge that the defendant wilfully failed to pay in full the installments of alimony as they matured was unauthorized. It shows without dispute that the defendant when the separation occurred and pursuant to a settlement agreement conveyed to his wife all property he owned except a vacant lot in Douglas, Ga. The property so conveyed to her consisted of his home (subject to an outstanding loan deed), all of his household and kitchen furniture and his automobile, and that he later, at the request of his former wife, conveyed to a third party for her sole benefit such vacant lot. It also shows that at the time of the separation he was in good health and was earning $150 per week; that he complied with the alimony decree so long as he was physically able to work regularly; that his health is now and has been for some time extremely poor; that he is presently earning about $25 per week; and that he has borrowed $600 from his brother and used it for the purpose of paying alimony installments due by him which debt he has been unable to repay. In brief, the evidence shows without dispute that the defendant has no property of any kind and that $25 per week is all he is able to earn because of his illness.

In this State we do not imprison for debt, and in the circumstances of this case, imprisonment of the defendant because of his failure to pay in full the monthly installments due on the alimony judgment against him would, because of his poverty and his impaired physical ability to labor, amount to imprisonment for debt. Accordingly, we hold that the trial judge abused his discretion in finding that the defendant had wilfully refused to make the payments in full due on the alimony judgment and in adjudging him in contempt for his failure to make such payments.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 11, 1966—DECIDED SEPTEMBER 8, 1966.

*Sumner & Boatright, J. Laddie Boatright,* for appellant.
*Ewing & Williams,* for appellee.