27025. BRADY v. BRADY.

SUBMITTED FEBRUARY 15, 1972—DECIDED MARCH 9, 1972.

*Westmoreland, Hall & Bryan, John L. Westmoreland, P. Joseph McGee,* for appellant.

*Jack P. Turner, C. Fulton Brackett,* for appellee.

MOBLEY, Presiding Justice. Joseph A. Brady appeals from an order finding him in contempt for failure to pay temporary alimony to his wife, Mrs. Lowrie H. Brady. This court recently decided appeals of the husband involving the same litigation. See *Brady v. Brady,* 228 Ga. 617.

The court's order of May 27, 1970, required the husband to pay temporary alimony of $500 a month for his wife's support. This was reduced to $300 a month on June 11, 1971. At the time of the contempt hearing on October 26, 1971, the husband was $4,600 in arrears, $2,800 on the payments due of $500 a month, and $1,800 on the payments due of $300 a month. None of the $300 payments due had been made.

The husband testified that under the order of the court he had been attempting to sell one parcel of real estate for the purpose of paying alimony, but had not received a reasonable offer for it. As to the remainder of his property, he was restrained by the first temporary alimony order from selling it or changing its status, but testified that he would be willing to sell the property to pay the amount in arrears, if the court should order that this be done. He testified that since June, 1971, he had earned no income through his

labor, that the only income he had received during this time was $511 from the collection of some notes due him, and this amount had been required for his own maintenance; that he had solicited work, but had been unable to get any; that he has been disabled by gout about a third of the time in the last five or six months; and that when he tries to work his heart condition is such that it "feels like it is overloaded." He introduced the deposition of Dr. Suzanne Silverstein, his physician since June, 1971, who testified in regard to his heart condition and gout, and stated that in her opinion he was not physically able to work.

The only evidence offered by the wife to rebut the evidence that the husband had been unable to work was her testimony that when she observed him in the courtroom at the hearing, and a few days before, he looked as well as he had during their marriage. In regard to whether he had been working in his machine shop in the basement of their home, where he had formerly worked, the only testimony was that of a witness who testified that he went to the husband's home, that the entrance to the basement was blocked by the husband's truck, that while the witness was there he saw the husband, dressed in work clothes, and that the husband moved around rather swiftly.

The trial judge found the husband in wilful contempt, and ordered that he be taken in custody and removed to Grady Memorial Hospital, where he was ordered to submit to a medical examination at his expense, and thereafter to remain in the hospital in the custody of the sheriff, if the examining physician determines that he is not able to be placed in jail, and if the examining physician determines that he is able to be placed in jail, that he remain in custody, until further order of the court, until he pays the sum of $4,600 which he owes his wife.

Counsel for the husband offered to have his client submit to physical examination, but not under the condition prescribed by the court, that he remain in custody in the hospital if the examining physician finds him physically unable to be placed in jail.

An order of the trial judge finding the husband in contempt for failure to pay alimony to his wife will not be reversed unless there is a manifest abuse of discretion. *Yancey v. Mills,* 210 Ga. 684 (82 SE2d 505).

In the present case the record contains no evidence authorizing a conclusion that the husband has been earning income with which he could pay the monthly alimony payments due. The testimony that he was observed on one occasion in work clothes, and that his truck was blocking the entrance to his basement shop, was not sufficient to refute his testimony that he had not earned any income by his labor in recent months. The wife's testimony in regard to his physical appearance at the trial was not sufficient to refute his testimony, and that of his physician, that he was physically unable to work because of his heart condition and gout. He was prevented by the restraining order from selling his property to make the alimony payments.

There were no material conflicts in the evidence, and the evidence was not sufficient to show that at the time of the hearing the husband was in wilful contempt in his failure to pay alimony. It was error to hold him in contempt. *Lightfoot v. Lightfoot,* 149 Ga. 213 (99 SE 611); *Newsome v. Newsome,* 155 Ga. 412 (117 SE 90); *Horton v. Horton,* 222 Ga. 430 (150 SE2d 630).

*Judgment reversed. All the Justices concur.*