## 28887. MASON v. MASON.

JORDAN, Justice.

This is an appeal from the trial court's order in a contempt action arising from a divorce decree.

Evelyn Mason, appellant herein, was divorced from appellee on August 11, 1971. A separation agreement was incorporated in the divorce decree, and said agreement provided that the appellee-husband was to pay his wife the sum of $308 per week until her remarriage.

Appellee became delinquent in his payments and on September 25, 1973, the appellant filed a contempt citation against her husband alleging an arrearage of $4,875. This action was later amended to show an alleged obligation in the amount of $7,475.

On December 31, 1970, prior to the divorce action, the appellee transferred ownership of the home in which they lived to appellant by a warranty deed. The home was sold by appellant in October, 1973, and appellee now alleges that he deserves a credit for the proceeds of the sale by way of a constructive trust as against his weekly alimony and child support obligations.

On February 6, 1974, the trial court issued an order holding that the issue of the constructive trust should be tried before a jury "seeking a Special Verdict as to

whether or not the conveyance of the home place to the wife was, in fact, the creation of a constructive trust for which the defendant should receive credit on the computation of any arrearage of alimony and child support." It should be noted that the trial court made no finding on the question of appellee's ability to pay.

The appellant complains that the trial court erred in not finding appellee in wilful contempt of court, in not making a determination as to the amount of arrearage and in ordering that the question of the constructive trust be submitted to a jury before ruling on appellant's contempt citation. *Held:*

1. The deed to the house in question here was executed on December 31, 1970. The separation agreement was executed January 4, 1971, followed by the entering of the final divorce decree on August 11, 1971, said decree incorporating the separation agreement. Neither the separation agreement nor the decree makes reference to the house previously deeded to appellant. The transfer was made prior to the signing of the agreement and entering of the final decree.

In a contempt proceeding where it is alleged that the husband has failed to pay alimony awarded in a divorce decree the trial judge must determine if the husband has wilfully disobeyed the order of the court granting alimony by determining the husband's ability to pay. *Arnold v. Arnold,* 195 Ga. 304 (24 SE2d 12); *West v. West,* 199 Ga. 143 (33 SE2d 292); *Coleman v. Coleman,* 205 Ga. 92 (52 SE2d 438). We stated in *Roberson v. Roberson,* 210 Ga. 346 (1) (80 SE2d 283) that "After a verdict and decree in a proceeding for divorce and alimony, awarding alimony in a stated amount to the wife for the support of herself and the children, the decree passes beyond the discretionary control of the trial judge, and he has no authority either to abrogate it or to modify its terms." See also *Anderson v. Anderson,* 230 Ga. 885 (199 SE2d 800) and cits.

The trial judge erred in broadening the issues in this contempt case to include the possibility of a constructive trust arising from the sale of the appellant's property not mentioned or included in the divorce decree. The issue raised by the contempt proceeding was whether the

appellee wilfully disobeyed the order of the court granting alimony, taking into consideration the appellee's ability to pay.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 15, 1974 — DECIDED MAY 28, 1974.

*Dewberry & Avery, C. Richard Avery,* for appellant.
*Heyman & Sizemore, Thomas H. Nickerson, William B. Brown,* for appellee.