### 30249. BALASCO v. BALASCO.

NICHOLS, Chief Justice.

This is an appeal from a judgment finding the defendant in contempt for failure to pay certain sums of alimony. The trial court found the defendant to be current with the child support payments and that he had complied with other terms of the divorce decree, but was $9,900 in arrears in the alimony payments due for the year 1972 through May, 1975.

1. Enumerations of error 1 through 5 complain of the

court's failure to find that appellee had entered into a common law marriage in 1973 and that the appellant was relieved of any obligation for alimony after this date. The evidence in this case did not demand a finding that a common law marriage had been entered into between the former wife and the man she admittedly lived with for a period of three months.

The appellant also relied upon a California statute (where the former wife now resides), which would relieve him of the obligation to pay alimony. This statute provides that if the former spouse lives with a person of the opposite sex, holding himself or herself out as the spouse of the person, for a total of 30 days or more either consecutive or nonconsecutive, the obligation to pay alimony terminates. This statute was enacted in 1974, while the alleged cohabitation occurred in 1973 and would have no application to this case. These enumerations of error are without merit.

2. Enumerations of error 6, 7 and 8 contend the court erred in finding the appellant in arrears in any amount, that he was financially able to pay more than he had paid and that such findings are strongly against the weight of the evidence.

Appellant argues that at the time of the divorce the amount of alimony and child support agreed upon was 23 percent of his income. Due to financial setbacks his income is substantially reduced, and the amounts actually paid are far in excess of 23 percent of his present income. The fallacy in the argument is that a specific sum was awarded to appellee as alimony and child support and not a percentage of income. This being a contempt citation and not a suit for alimony modification under Code Ann. § 30-220 et seq., the trial court would have no authority to reduce the amount awarded in the former divorce decree. *Roberts v. Mandeville,* 217 Ga. 90 (121 SE2d 150).

The appellant also contends the amount awarded appellee is greater than he can pay in his present financial status and it is error to find him in contempt. The trial court took into consideration his present financial status when it did not order any arrearages be paid in order to purge himself of contempt, but only that the current payments be made at this time. The order of

the trial court was within the range of the evidence and these enumerations of error are without merit.

3. Enumeration of error 9 contends the trial court erred in finding the appellant in arrears in the amount of $9,900. The maximum amount authorized by the record in this case would be $15,000, less the so-called "advance" to appellee for the down-payment on a home. The appellant claims as a credit the amount of the actual payment, $6,900. The testimony reveals that appellant had the title placed in both their names in 1971 when the house was purchased and quitclaimed his interest when appellee sold the house in 1973. The appellee testified that she realized $5,100 upon the sale. The appellant also testified that he agreed to this because the house would be some security to him in case his business failed. Under this state of facts the trial court was authorized to credit the appellant with the amount realized by appellee on the sale, at the time she was given complete title to the property, and not the amount actually paid by appellant two years earlier. This enumeration of error is without merit.

4. Enumeration of error 10 contends it was error to award attorney fees to appellee. As reasonable attorney fees are authorized by Code Ann. § 30-219 in a contempt citation for failure to pay alimony and child support, the trial court did not err in awarding $250 as attorney fees.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 8, 1975 — DECIDED SEPTEMBER 16, 1975.

*Harris & Martin, R. Britt Harris, Jr.,* for appellant. *Edward J. Magner,* for appellee.

