## 31157. BROWN v. BROWN.

JORDAN, Justice.

This is an appeal from an order of the trial court finding appellant in contempt of court for failure to pay alimony and child support pursuant to a divorce decree.

1. The first question presented for decision is whether the trial judge erred in holding appellant in wilful contempt of court. Once a debt has been established, the sole issue in a proceeding to enforce an alimony judgment by attachment for contempt is whether the husband wilfully refused to pay, or whether his failure to pay is due to his inability. *Horton v. Horton,* 222 Ga. 430 (150 SE2d 630) (1966); *Taylor v. Taylor,* 216 Ga. 767 (119 SE2d 571) (1961). The husband having admitted an arrearage of $1,650, has the burden of affirmatively showing that his failure to pay is due to a good faith inability to earn an income and that he has in good faith exhausted all of the resources at his command in an effort to satisfy the decree awarding alimony and child support. *Fambrough v. Cannon,* 221 Ga. 289 (144 SE2d 335) (1965); *Weiner v. Weiner,* 219 Ga. 44 (131 SE2d 561) (1963). Whether this burden has been met is a question for the trial court, and his decision will not be disturbed except for a gross abuse of discretion. *Hawkins v. Edge,* 218 Ga. 463 (128 SE2d 493) (1962).

We have reviewed this transcript and find no error in the trial court's finding of wilful contempt.

2. Appellant assigns as error the sentencing of him to a definite period of imprisonment, such being tantamount to imprisonment for debt, and the ordering of him to pay a fine and attorney fees.

The order in relevant part, reads as follows: "[T]he

court finds as a matter of fact that respondent is in wilful contempt of this court's order for his failure to pay the sum of $1,650 from August, 1975 through October, 1975.

"It is therefore ordered that the respondent . . . be incarcerated in the common jail . . . for a period of (5) five days . . . and further that he pay a fine of $150.00 to the sheriff . . . and $150.00 to movants [sic] attorney for prosecuting this application, then the court shall consider his contempt purged."

Georgia has had a long standing constitutional prohibition against imprisonment for debt. Therefore, a husband may not be imprisoned for failure to pay alimony unless it is first found that he has the ability to pay but merely refuses to do so. In such circumstances, the contemnor may be imprisoned only under a conditional sentence pending the contemnor purging himself by paying such sums as the evidence shows he is able to pay. *Mathews v. Mathews,* 222 Ga. 311 (149 SE2d 666) (1966). There is no error in the trial court setting a determinable sentence rather than an indefinite one as long as the determinable sentence is made to cease upon the contemnor purging himself of contempt. What is so noticeably absent from the trial court's order is a condition that the sentence discontinue upon the payment of the $1,650 arrearage and the attorney fees. To the contrary, the order provides that the contemnor may purge himself only by serving the five-day sentence and paying a fine and attorney fees. As it presently stands, the order would require the serving of the jail sentence in order to purge the contempt, even though the contemnor might pay the arrearage and attorney fees prior to the conclusion of the five days. Such is an imprisonment for debt and barred by our Constitution.

The decree provides for a fine against the appellant of $150. By its very definition, penal fines are not appropriate in the enforcement of civil or remedial contempt. Such are more indicative of the criminal penalties of direct summary contempt under Code Ann. § 24-2615 (5). See *Mathews v. Mathews,* supra. The purpose of the civil proceeding, as to enforce a decree of alimony, is to enforce the compliance with a court order for the protection of some right of the complaining party. *Wagner*

*v. Commercial Printers,* 203 Ga. 1 (45 SE2d 205) (1947). A criminal sentence, such as a fine, is inappropriate in a proceeding to compel obedience of an order or decree made to enforce the rights of a party to the suit. The fine was improper in this case.

A judgment for attorney fees in a contempt case is proper where a finding of contempt is authorized. Code Ann. § 30-219 (Ga. L. 1947, p. 292); *Balasco v. Balasco,* 235 Ga. 214 (219 SE2d 104) (1975). The award of attorney fees was authorized here.

For the foregoing reasons, the contempt decree is affirmed with direction that the trial court amend its order to allow the appellant to purge himself of contempt by payment of the attorney fees and the arrearage found to be due or such part thereof as the court determines the appellant is able to pay.

*Judgment affirmed with direction. All the Justices concur.*

Submitted May 17, 1976 — Decided June 22, 1976.

*R. Wayne Pressley,* for appellant.
*H. Eugene Brown,* for appellee.