### 31614. MAHAFFEY v. MAHAFFEY.

HALL, Justice.

This is an appeal from a contempt citation issued by the Superior Court of Clarke County.

Appellant and appellee were divorced on December 8, 1972. The final divorce judgment and decree incorporated an agreement between the parties whereby appellant husband agreed to pay the minor children's dental expenses in excess of $100 per child per calendar year. Appellee wife brought a contempt action in May 1976, alleging that appellant had refused to pay certain orthodontist bills in violation of the divorce judgment. The trial court found the appellant to be in arrears in his dental expense obligations in the amount of $220 and held him in wilful contempt. The court also awarded appellee attorney fees and expenses of litigation.

1. Appellant contends that the trial court erred in finding him in wilful contempt for failure to pay orthodontist expenses, since those expenses are not "dental expenses" within the meaning of the agreement incorporated into the divorce decree.

Dorland's Illustrated Medical Dictionary (25th Edition 1974) defines orthodontics as "that branch of dentistry which deals with the development, prevention, and correction of irregularities of the teeth and malocclusion, and with associated facial abnormalities." It defines an orthodontist as being "a dentist who specializes in orthodontics." See also Code Ann. § 84-701 which defines the practice of dentistry in Georgia.

The orthodontic expenses in question are clearly "dental expenses" within the meaning of the agreement. The trial court did not err in finding that appellant was obligated under the divorce judgment for orthodontic work for Michelle Mahaffey in the amount of $105 in 1975 and $115 in 1976. See *Rodgers v. Rodgers,* 234 Ga. 463 (216 SE2d 322) (1975).

2. Appellant contends that, if the orthodontic expenses are in fact dental expenses his failure to pay them did not constitute wilful contempt because he was financially unable to make these payments.

A former husband's inability to pay the required alimony and child support under a divorce decree is a valid defense to a contempt action. *Brady v. Brady,* 228 Ga. 793 (187 SE2d 896) (1972). The burden, however, is on the one refusing to pay "to show that he has in good faith exhausted all of the resources at his command and has made a diligent and bona fide effort to comply with the decree awarding alimony or child support." *Fambrough v. Cannon,* 221 Ga. 289 (2) (144 SE2d 335) (1965). The contempt question, including any factual issues as to the former husband's ability to pay, is for the trial court to determine (*Mason v. Mason,* 232 Ga. 336 (1) (206 SE2d 479) (1974)), and that court's adjudication will not be reversed on appeal unless there has been an abuse of discretion. See *Bennett v. Bennett,* 236 Ga. 764 (2) (225 SE2d 264) (1976); *Gillen v. Bostick,* 234 Ga. 308 (2) (215 SE2d 676) (1975). The trial court's finding that it was not impossible for the appellant to meet the $220 dental expense obligation is supported by the evidence.

3. If the husband is found in wilful contempt of a divorce judgment, the former wife is entitled to reasonable attorney fees and her litigation expenses. Code Ann. § 30-219. The amount of the award is within the trial court's discretion and will not be modified unless clearly excessive. *Berman v. Berman,* 232 Ga. 342, 344 (206 SE2d 447) (1974). The trial court's award was not excessive.

The enumerations of error being without merit, the judgment will be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 8, 1976 — DECIDED DECEMBER 1, 1976.

*Guy B. Scott, Jr.,* for appellant.
*Denny C. Galis,* for appellee.