## 32877. GALLIT v. BUCKLEY.

BOWLES, Justice

This is an appeal from a contempt citation issued by the Superior Court of Fulton County. Appellant (defendant below) and appellee (plaintiff below) were divorced on July 18, 1975. Under the provisions of paragraph one of the final judgment and decree appellant was ordered to pay appellee a single lump sum of $7,500 by August 15, 1975. Paragraph four of that same decree ordered the appellee to deliver several items of personal property held by her, and described in paragraph two of said order, to appellant no later than 12:00 noon, August 15, 1975. Further, the final judgment and decree provided that, "[I]n the event plaintiff does not deliver to the defendant those items of personal property as specified in

paragraph two herein, the defendant shall be entitled to set off the fair market value of those items not so delivered to him against the $7,500 lump sum award made to the plaintiff as specified in paragraph one herein." Fair market value was to be determined by agreement of the parties, or, in the event the parties were unable to agree on a fair market value, an appraiser was to be appointed by the court.

Appellee failed to deliver all the personalty in question by noon of August 15, 1975, and, therefore, appellant refused to pay the appellee the lump sum award. On August 26, 1976, the appellee caused a fi. fa. in the amount of $7,500 to be issued and levied.

On January 7, 1977, appellant filed a motion seeking to have the fi. fa. quashed and to hold appellee in contempt for failure to deliver certain items of personalty as decreed. Appellee filed a response, and counter-motion for contempt.

An initial hearing was held on April 4, 1977, at which time the court dismissed appellant's motion to quash the fi. fa. and a ruling on the motions for contempt was deferred until June 21, 1977.

On the morning of June 21, 1977, immediately prior to hearing, appellant presented to the court an unfiled and unserved motion to disqualify the trial judge, alleging bias. The motion was neither granted nor denied, the court reserving a ruling thereon until such time as it was properly filed and properly set down on the motions calendar.

Following hearing, the court entered its order finding appellant in contempt for his failure to pay to appellee the lump sum payment ordered under the decree. The court further found appellee to have fully complied with the court's final decree of July 18, 1975, as far as possible, and, therefore, held that she was not in wilful contempt.

1. Appellant enumerates as error the trial judge's refusal to disqualify himself. At the June 21st hearing the appellant tendered in open court an unfiled and unserved motion to disqualify, which the trial judge refused to rule upon until properly filed and set down on the motions calendar.

The local rules of the Fulton County Superior Court require that motions involving questions of fact be presented *at least three days in advance of the hearing.* (Local Rule 20). The same rules also require that *copies of all motions be served upon opposing counsel and ten days be allowed for the filing of responsive briefs.* (Local Rule 21).

In the instant case, an initial hearing was held before the trial judge on April 4, 1977. The motion to disqualify presented to the same trial judge on the morning of the June 21st hearing complained of the alleged partiality of the trial judge as evidenced at the prior hearing. Appellant's motion further prayed that the trial judge disqualify himself from further proceedings in the case, and, that the case be reassigned pursuant to Rule 8 of the local rules of the Fulton County Superior Court. It is clear from a reading of the motion itself that the appellant was familiar with the local rules of the Fulton Superior Court, and knew at the April 4th hearing that the same trial judge would preside at the hearing on the 21st of June.

Even though the appellant knew some 78 days prior to the June 21st hearing who the trial judge would be, he failed to file his motion to disqualify with the court as required by local rule 20, and further failed to serve opposing counsel with copies of said motion as required by local rule 21. Under these circumstances, the court did not err in refusing to rule on appellant's motion to disqualify.

2. Appellant next enumerates as error the trial court's dismissal of Count 2 of his motion for contempt, which sought to quash the fi. fa. issued August 26, 1976.

Citing *Mason v. Mason,* 232 Ga. 336 (206 SE2d 479) (1974), the appellee contends that the only issue presented in a motion for contempt is whether or not there was a wilful disobedience of a court order, and therefore, the trial court correctly dismissed Count 2 of appellant's motion for contempt as it sought relief not available in a contempt proceeding and was unrelated to the only issue presented by that motion.

We disagree with the appellee's contention. In *Mason,* supra, the parties had been granted a divorce. The husband subsequently became delinquent in his alimony payments and the wife, therefore, filed a contempt

citation against him. Prior to the divorce, the husband had transferred ownership of their home to his wife. The home was sold by the wife after their divorce. Upon the wife's filing of a contempt citation, the husband alleged that he was entitled to a credit for the proceeds of the sale by way of a constructive trust. The trial court issued an order holding that the issue of constructive trust should be tried by a jury. In reversing the lower court, we held that "the trial judge erred in broadening the issues in this contempt case to include the possibility of a constructive trust arising from the sale of the [wife's] property *not mentioned or included in the divorce decree.*" (Emphasis supplied.) *Mason,* Hn. 1.

*Mason,* supra, did not hold that a party filing a motion for citation of contempt was barred from filing collateral *motions* which directly relate to the contempt proceedings, but based its holding upon the fact that the issue of constructive trust was totally unrelated to the issues raised by the contempt proceeding.

Judicial economy demands that a trial court have the power to pass upon motions which arise out of the same contempt proceeding. To hold otherwise would result in requiring independent litigation to pass upon these motions, with needless court delay.

Appellee further argues that "by her release of the fi. fa. and property levied. . . the issue of the fi. fa. has become moot." We have reviewed the record in this case, and although we find that by letter dated February 10, 1977, the Cobb County Sheriff's Department had been notified by counsel for appellee to dismiss without prejudice, the levy which was derived from the August 26th fi. fa., it does not appear that the fi. fa. itself has been canceled or satisfied, but is still in effect. The issue of the validity of the fi. fa. has not become moot.

The trial court erred in dismissing Count 2 of appellant's motion for contempt.

3. Finally, appellant contends that the trial court erred in finding him in wilful contempt of the final judgment and decree of divorce.

That decree awarded appellee a lump sum alimony award of $7,500 to be tendered by August 15, 1975. Appellee was ordered to deliver numerous items of

personalty in her possession to the appellant by noon of August 15, 1975.

At the contempt hearing it was stipulated between the parties and their counsel that items of personalty appearing on a list prepared by appellant and identified and admitted into evidence as defendant's Exhibit 1, and otherwise denominated "Items of Personalty listed in Final Judgment and Decree not delivered to Bruce Gallit as required by court order," were the only remaining items of personalty which appellant claimed were not turned over to him as required by the order.

For clarification, the personalty on that list was divided into eleven categories. Of those eleven categories of personalty stipulated as being in dispute, the court found that those items comprising five of the categories were in appellant's possession at the time of the final judgment and decree. Two items were tendered and received by appellant in open court during the hearings in the case. As to the remaining items of personalty, the court concluded that these items were disposed of or sold prior to the final judgment and decree and while the parties were still married, and, therefore, could not have been turned over to the appellant.

Based on these findings of fact, the court concluded that the appellee had fully complied with the court's final judgment and decree *as far as possible* and that, therefore, she was not in wilful contempt. As to appellant, the court concluded that he had wilfully failed and refused to pay the sum of $7,500 to appellee as required, and, therefore, was in contempt.

The decree clearly calls for initial performance by the appellee. Should the appellee fail to deliver all the personalty as required, the decree calls for an appraisal, set-offs, and finally payment by appellant if the set-offs do not exceed the $7,500 lump sum payment.

Appellee failed to deliver all the property described in the decree, claiming that several of those items had been sold or disposed of prior to the final judgment and decree. No motion for new trial or appeal from the final judgment and decree was taken by appellee and she is now bound by its terms. See *Hall v. Hall,* 240 Ga. 28 (239 SE2d 356) (1977).

It is well settled that a trial judge has no authority in a contempt proceeding to modify the obligations imposed by the decree. *Peppers v. Peppers,* 238 Ga. 411 (233 SE2d 374) (1977); *Arnold v. Arnold,* 236 Ga. 594 (1) (225 SE2d 30) (1976); *Roberts v. Mandeville,* 217 Ga. 90 (121 SE2d 150) (1961).

The decree must stand as written. By failing to order an appraisal and set-offs of those items of personalty not delivered to the appellant as required under the decree, the trial judge in effect modified the express terms of the decree. This he could not do.

In order for one to be held in contempt, there must be a wilful disobedience of the court's decree or judgment. *Horton v. Horton,* 222 Ga. 430 (150 SE2d 630) (1966). In the instant case, the court erred in holding appellant in wilful contempt of court, where his exact obligation for money payment under the decree had not been properly determined as the decree required.

*Judgment reversed in part; affirmed in part. All the Justices concur.*

ARGUED OCTOBER 13, 1977 — DECIDED JANUARY 24, 1978.

*Robert S. Windholz,* for appellant.
*Moffett, Henderson & Bishop, F. Glenn Moffett, Jr., David H. Lanner,* for appellee.