## 34700. HANCOCK v. HANCOCK.

NICHOLS, Chief Justice.

The former husband appeals from an order, entered in a contempt action brought by his former wife, requiring him to pay the private school lunchroom and transportation charges for one of his two children.

The husband agreed in the eleventh paragraph of the settlement agreement incorporated into the final judgment and decree of divorce to pay for one of his two minor children "to attend private school." The wife agreed in the same paragraph to pay for the other of the two children "to go to a private school." She interprets her obligation to mean that she must pay for the lunchroom and transportation charges of one of the two children but although he admits he must pay the tuition charges for

the other child, he denies that he must pay the other child's lunchroom and transportation charges.

1. The trial court correctly construed the eleventh paragraph to include an obligation of the former husband to pay the lunchroom and transportation charges of the child. A contrary construction is not required by the fact that the husband by the ninth paragraph of the agreement agreed to pay $162.50 per month per child as child support. See, *Mahaffey v. Mahaffey,* 238 Ga. 64 (230 SE2d 872) (1976).

2. The trial court found as a fact that the settlement agreement was negotiated between the parties themselves; that each made concessions to the other; that each was represented by counsel during these negotiations; that the attorneys approved the agreement in its final form; and that the agreement was typed in final form in the office of the attorney for the former wife. Under these facts the rule of construction against the party who prepared the agreement has no application.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED MARCH 13, 1979 — DECIDED APRIL 17, 1979.

*Edward D. Tolley,* for appellant.
*Chappelle Mathews, Fortson, Bentley & Griffin, Thomas A. Nash, Jr.,* for appellee.