## 34980. PARR v. PARR.

MARSHALL, Justice.

This is an appeal from an order of the trial court finding the appellant former husband in contempt of court for failure to make monthly payments on the indebtedness owing on a mobile home and failure to execute the necessary documents to place full title to the mobile home in the appellee former wife, pursuant to an agreement incorporated in their divorce decree.

1. "The first question presented for decision is whether the trial judge erred in holding appellant in wilful contempt of court. Once a debt has been established, the sole issue in a proceeding to enforce an alimony judgment by attachment for contempt is whether the husband wilfully refused to pay, or whether his failure to pay is due to his inability. *Horton v. Horton,* 222 Ga. 430 (150 SE2d 630) (1966); *Taylor v. Taylor,* 216 Ga. 767 (119 SE2d 571) (1961). The husband[,] having admitted an arrearage . . . has the burden of affirmatively showing that his failure to pay is due to a good faith inability to earn an income and that he has in good faith exhausted all of the resources at his command in an effort to satisfy the decree awarding alimony and child support. *Fambrough v. Cannon,* 221 Ga. 289 (144 SE2d 335) (1965); *Weiner v.*

*Weiner,* 219 Ga. 44 (131 SE2d 561) (1963). Whether this burden has been met is a question for the trial court, and his decision will not be disturbed except for a gross abuse of discretion. *Hawkins v. Edge,* 218 Ga. 463 (128 SE2d 493) (1962)." *Brown v. Brown,* 237 Ga. 122 (227 SE2d 14) (1976).

We have reviewed this transcript and find no error in the trial court's ruling of wilful contempt. The evidence showed that the appellant had not conveyed to the appellee title to the mobile home subject to the mortgage on it. The appellant admitted the arrearage on the monthly payments, but testified that his net monthly income after all expenses is only $59.76; that he had been unable to obtain a loan from the bank, family or friends; and that his employer had decreased the number of hours he could work. On the other hand, the appellee testified that he had earned take-home pay of approximately $179 per week at the time they were married, as compared with his present average weekly take-home pay of $157.72.

2. "A judgment for attorney fees in a contempt case is proper where a finding of contempt is authorized. Code Ann. § 30-219 (Ga. L. 1947, p. 292); *Balasco v. Balasco,* 235 Ga. 214 (219 SE2d 104) (1975)." *Brown v. Brown,* 237 Ga. 122, supra, p. 124. The award of attorney fees was authorized here.

*Judgment affirmed. All the Justices concur.*

Submitted June 1, 1979 — Decided September 7, 1979.

*H. W. Vaughn, Jr.,* for appellant.
*Lane Fitzpatrick,* for appellee.