BEAVERS *v.* BEAVERS.

GEORGE, J. 1. An order against a husband, on the application of the wife, allowing temporary alimony, "may be enforced either by writ of fieri ficias or by attachment for contempt against the person of the husband." Civil Code, § 2978.

2. Attachments for contempt are either civil or criminal, or both. An attachment for contempt for failure to pay an amount awarded as temporary alimony is in the nature of a civil proceeding; it is reme-

dial, its purpose being merely to compel obedience to the order of the court requiring the payment of the amount allowed as temporary alimony. *Davis* v. *Davis*, 138 *Ga.* 8 (74 S. E. 830).

3. Section 5347 of the Civil Code, relating to rules against certain officers, which provides that the officer called on by rule nisi shall fully respond in writing under oath, and "if the answer is not denied, the rule shall be discharged, or made absolute, according as the court may deem the answer sufficient or not," has no application to the answer of the husband in a contempt proceeding to enforce the payment of temporary alimony. Accordingly, where a husband was ordered by the court to pay a certain amount to his wife as temporary alimony, and he failed to pay the amount, and, on a rule nisi to show cause why he should not be attached for contempt, his answer under oath tended to show that the failure to pay the amount allowed as temporary alimony was due to his financial inability to do so and to his physical inability to earn money, it was not erroneous to admit evidence on behalf of movant (the wife) tending to disprove the allegations of the answer, although no traverse thereto had been filed.

4. On the evidence in the record the judge did not err in making the rule absolute and adjudging the respondent in contempt.

*Judgment affirmed. All the Justices concur.*

No. 975.   OCTOBER 17, 1918.

Attachment for contempt. Before Judge Terrell. Coweta superior court. May 3, 1918.

*A. H. Freeman,* for plaintiff in error. *W. G. Post,* contra.