## BUGG *et al. v.* VERDERY *et al.*

A judge of a city court is not authorized to grant or refuse an injunction in vacation.

No. 1237. April 18, 1919.

Injunction. Before Judge Black. Richmond superior court. October 29, 1918.

*B. B. McCowen,* for plaintiffs in error. *W. H. Fleming,* contra.

Gilbert, J. Richard Bugg et al. filed a petition for equitable relief against Shannon. The judge of the superior court of Richmond county issued a rule nisi and a restraining order, and upon interlocutory hearing granted a temporary injunction. Subsequently Verdery et al. presented to said judge their petition for intervention. He issued a rule nisi thereon, directed to Bugg et al., continuing the hearing to a subsequent date, and entering an order as follows: "I certify that, by reason of my relationship to one of the intervenors, I am disqualified to preside in the hearing of this intervention." Thereupon the judge of the city court of Richmond county assumed jurisdiction, under the following order signed by himself: "In view of the foregoing disqualification I accept jurisdiction in this case." Bugg et al. entered their protest and objection to the assumption of jurisdiction by the judge of the city court, and filed a plea to the jurisdiction of the city-court judge, on the ground that the judge of the superior court, being disqualified, was without authority to issue the rule nisi, and that only a judge of the superior courts was authorized to exercise jurisdiction, and that the judge of the city court of Richmond county "is without jurisdiction to try said cause or to hear the same." On motion of counsel for intervenors the plea was stricken, and the plaintiffs excepted. The judge of the city court, after further interlocutory hearing, dissolved the temporary injunction previously granted, and ordered that all parties to the original proceeding be enjoined from interfering with the control and use by the intervenors of the property in question.

It was error to overrule the plea bringing in question the legal authority of the judge of the city court to proceed in the interlocutory hearing. The provision of the constitution (Civil Code, § 6519) "does not give the right to the judge of the city court to exercise chancery powers and to grant or refuse injunctions." *Northwestern Mutual Life Insurance Co. v. Wilcoxon,* 64 *Ga.* 556.

"He may preside in the superior court when the judge of that court is disqualified; he may sit and hear any such case, ripe for hearing, in term; he may, while presiding in such case, pass any order which the judge of the superior court could pass in term; he becomes the impersonation of the superior court for that case during the term, and may exercise the powers of that court then and there while sitting on that bench; but when that court adjourns, or he is not presiding therein, he becomes merely a city-court judge, and the chancery powers of a superior-court judge have passed from him." . Id. 557, 558. The granting of an interlocutory injunction is a chambers order.

*Judgment reversed. All the Justices concur.*