### CURTRIGHT *v.* CURTRIGHT.

ATKINSON, Presiding Justice. In a divorce suit instituted by a husband in Fulton County, the defendant made answer in the nature of a cross-action seeking divorce and alimony. The petition was dismissed for want of prosecution, but the defendant obtained on her cross-action a divorce "from bed and board," and "the jury awarded her $150 monthly alimony beginning February 15, 1934, and to continue monthly thereafter as long as she lives or until she remarries, as permanent alimony." The plaintiff having removed to Chatham County, the defendant, several years after grant of the divorce and allowance of alimony, filed her application to the superior court of Fulton County, for attachment of the husband for contempt of court by failure to pay $7500 as accumulated permanent alimony, and that the respondent be served by second original. A rule nisi was issued and served. In response to the rule nisi the respondent appeared and interposed a plea to the jurisdiction. The judge denied the plea, and ordered the respondent to pay "the sum of one hundred dollars ($100) on or before twenty days from this date, and the further sum of $25 per month until further hearing or until the same is finally disposed of, the first payment of $25 to be made on or before the 10th day of June, 1938, and subsequent payments to be made on the 10th day of each succeeding month thereafter. It is further ordered that the defendant be granted a supersedeas from this order for twenty days from this date, the supersedeas, however, not

to interfere or dispense with the payment of the sum of $100, but such payment shall operate ipso facto as a supersedeas. Should such payment not be made on or before twenty days from this date, then it is the judgment of the court that thereupon an order and attachment issue, directed to all and singular sheriffs of this State, for the arrest of the defendant, to be brought instanter before this court to answer for contempt of the court." *Held:*

1. The purpose of the proceeding for contempt being to compel payment of money allowed as alimony, and not solely for the purpose of vindicating the authority of the court, the attachment was in the nature of a civil proceeding. Code, § 30-204; *Beavers* v. *Beavers,* 148 *Ga.* 506 (97 S. E. 65); *Tomlin* v. *Rome Stove & Range Co.,* 183 *Ga.* 183 (187 S. E. 879).

2. The superior court of Fulton County, awarding the alimony in virtue of its jurisdiction originally invoked by the plaintiff in the divorce suit, had jurisdiction to enforce its payment by attachment for contempt (*Beavers* v. *Beavers,* supra), against the plaintiff after he had changed his residence from Fulton to Chatham County. Code, §§ 24-104, 24-105; *Bales* v. *Bales,* 156 *Ga.* 679 (119 S. E. 635).

3. On hearing of the rule for contempt no question of modifying the verdict or reducing the amount of alimony awarded by the jury was before the court. The order by the judge to pay attorney's fees and alimony in less than the amount claimed to be due is not to be construed as reducing the amount of the alimony expressed in the verdict, but only imposition of terms, which if complied with until further order of court would purge the charge of contempt. The judgment was not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

No. 12461. November 19, 1938.

*Oliver & Oliver* and *Jones, Fuller & Clapp,* for plaintiff in error. *W. George Thomas* and *Talmadge & Morgan,* contra.