## McCULLOUGH *v.* McCULLOUGH.

No. 17771. Argued February 11, 1952—Decided March 10, 1952.

*Virgil H. Shepard* and *Gerald S. Mullis,* for plaintiff in error.

DUCKWORTH, Chief Justice. █ The Constitution (Code, Ann., § 2-4001) declares that, "In any county within which there is, or hereafter may be a City Court the Judge of said court and of the Superior Court may preside in the courts of each other in cases where the judge of either court is disqualified to preside." The manifest purpose of this provision was to avoid delay, expense, and inconvenience when the judge of either court is disqualified to perform any duties which the law places upon him as judge. There is neither language nor implication in the above provision of the Constitution that restricts the substitution of judges there provided for to any type of cases, to term matters or to chambers matters. It is obvious that disqualification in a chambers matter would necessitate inconvenience, delay, and expense in securing a judge of another circuit in the same manner that it would cause in a term case. We see no reason whatever for restricting the unambiguous language of the Constitution by judicial construction when the Constitution itself contains no such restriction, and it is plain that any such restriction accomplishes nothing except a defeat in part of the purpose of the Constitution.

We are requested here to hold that the city court judge was unauthorized, by the above-quoted provision of the Constitution, to preside in the chambers hearing on an application to be purged of contempt of court for non-payment of permanent alimony, after the superior court judge, on motion of counsel for the

plaintiff in error, had entered an order declaring his disqualification. It is contended that the decisions in *Northwestern Mutual Life Ins. Co.* v. *Wilcoxon,* 64 *Ga.* 556, and *Bugg* v. *Verdery,* 149 *Ga.* 85 (99 S. E. 26), require us to hold that, in the circumstances just recited, the city court judge was without jurisdiction to render the judgment here excepted to. We have ordered counsel to show cause why these decisions should not be reviewed and overruled. Obviously, the decision in each case defeats the purpose of the Constitution, confuses courts and attorneys, and serves no beneficial purpose. We have the power to overrule them and, we think, a duty to do so. A narrow distinction might be drawn between those cases and the instant case, in that they involved an exercise of chancery powers, whereas this case is one at law. But the discussion in the first case, quoted in the latter, shows an unmistakable opinion that a city court judge is not authorized by the Constitution to sit for a superior court judge in any matters at chambers, and the present case was one at chambers, irrespective of whether the court was at the same time engaged in trying term cases. The Constitution does not exclude cases that are not term cases, and this court, we believe, was unauthorized to so hold in the two cases above. Consequently, we consider each of them to be unsound and, after review, hereby expressly overrule each of them.

For the reasons pointed out above, we hold that the city court judge was, under the facts of this case, authorized by the Constitution to preside and render judgment therein.

■ The judgment excepted to ordered that the applicant be purged of contempt of court upon his meeting current and future payments of the alimony judgment and paying $2.50 per week on back alimony which had accumulated and $20 on attorneys' fees. Counsel for the plaintiff in error take the position that, since attachment for contempt is an available remedy provided by law to enforce the payment of an alimony judgment, the judge to whom the application for contempt is presented is required to hold the defendant in contempt and impose sentence which can be avoided only by paying the alimony in full. We can not sustain this contention. Imprisonment for contempt is always conditional and is a matter solely within the sound discretion of the judge, and he may at any time, in the exercise

of that discretion, discharge one so imprisoned. *Carlton* v. *Carlton*, 44 *Ga.* 216; *Poole* v. *Wright*, 188 *Ga.* 255 (3 S. E. 2d, 731).

The facts in the present case are that the defendant in error had previously been adjudged in contempt of court and was required to make certain payments or be placed in jail, and on his failure to make the payments thus required he was incarcerated, and the present judgment was rendered on his application to be purged of contempt because of his inability to make the payments required by the previous order. Obviously, he could not earn money with which to make the payments while in jail, and this was a contention urged in the present case. The judge was authorized to order him to pay less than called for by the alimony judgment when that amount was, in the judgment of the court, as much as he was able to pay, and such order does not amount to a modification or a reduction of the alimony judgment. *Curtright* v. *Curtright*, 187 *Ga.* 122 (200 S. E. 711). The wife in this case may avail herself today of any civil process to collect the full amount of her alimony judgment. She has no right to require that the defendant be imprisoned for contempt of court because of his failure to pay the full amount when he is unable to pay the same. We do not allow imprisonment for debt in this State.

The record here does not show the nature of the evidence before the judge at the time the defendant in error was adjudged in contempt of court, on which judgment he was imprisoned, the only evidence in this record being a brief of the evidence on the last hearing, which was on the application of the defendant to be purged of contempt because of his inability to pay the amount required by the previous order. It can not be said that the judge abused his discretion in reducing the amount required to be paid, which, if complied with, would purge him of contempt, since there was some evidence to substantiate the allegations of inability to meet the conditions of that order. *Jones* v. *Jones*, 145 *Ga.* 714 (89 S. E. 762); *Greenway* v. *Greenway*, 147 *Ga.* 503 (94 S. E. 885); *Williams* v. *Williams*, 194 *Ga.* 332 (21 S. E. 2d, 229).

*Judgment affirmed. All the Justices concur.*