## CORRIHER *v.* McELROY.

HAWKINS, Justice. An application for citation for contempt for failure to pay alimony was brought in January, 1953, by Mildred McElroy Corriher against her former husband Ridley Artz McElroy, from whom she was granted a divorce in September, 1948, at which time an agreement between the parties was made the judgment and decree of the court, which provided for the payment of $75 each month, beginning October 1, 1948, for the support, maintenance, and education of their minor child, Ridley Artz McElroy Jr., until he reaches the age of eighteen years. It was admitted on the hearing that the defendant was in arrears in the amount of $1083, and that all but $105 of this amount resulted from an agreement between the parties dated September 11, 1949, to reduce payments from $75 to $50 per month, due to inability of the father of the child to pay more. Invalidity of the reduction agreement insofar as civil liability was concerned was also admitted, the father testifying: "I love my boy and intend to support him and I will pay the total arrearage as soon as I can. I have no way of paying it at this time." To the judgment of the trial court denying the citation and discharging the rule for contempt, the plaintiff excepts. *Held:*

886

1. "The parents themselves cannot by subsequent agreement nullify or modify the final decree so as to deprive the children of the alimony granted by the verdict and decree." *Varble* v. *Hughes,* 205 *Ga.* 29, 32 (52 S. E. 2d, 303).

2. "The wife in this case may avail herself today of any civil process to collect the full amount of her alimony judgment. She has no right to require that the defendant be imprisoned for contempt of court because of his failure to pay the full amount when he is unable to pay the same. We do not allow imprisonment for debt in this State." *McCullough* v. *McCullough,* 208 *Ga.* 776, 779 (69 S. E. 2d, 764).

3. "It must be remembered also, that the imprisonment by a judge for contempt, is always conditional, and is at his discretion, and may, at any time, by the same discretion, be discharged. And very clearly, it ought never to be resorted to, except as a penal process, founded on the unwillingness of the party to obey. The moment it appears that there is inability, it would clearly be the duty of the judge to discharge the party, since it is only the contempt, the disobedience upon which the power rests." *Carlton* v. *Carlton,* 44 *Ga.* 216, 220.

4. Since "Imprisonment for contempt is always conditional and is a matter solely within the sound discretion of the judge, and he may at any time, in the exercise of that discretion, discharge one so imprisoned" (*McCullough* v. *McCullough,* 208 *Ga.* 776, 778, 69 S. E. 2d, 764), this court will not "interfere with the discretion vested in the trial judge unless it has been manifestly abused." *Burch* v. *Kenmore,* 206 *Ga.* 277, 279 (56 S. E. 2d, 508).

5. It cannot be held that there was a manifest abuse of discretion in this case, where the trial judge was authorized to find that the failure to pay was not because of unwillingness on the part of the respondent, or because of a wilful disobedience of the decree of the court, but, except for a small amount, was by virtue of an agreement with and the consent and indulgence of the present plaintiff, which, so far as the evidence shows, was never withdrawn or rescinded by her prior to the filing of the present suit, and upon the faith of which the respondent had failed to make payment in full. The defendant having admitted liability for the full amount specified in the decree, and expressed his willingness and intention to pay as soon as he was financially able to do so, it was not error to discharge the rule for contempt.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18235. Argued June 9, 1953—Decided July 14, 1953.

*O. C. Hancock, D. W. Rolader* and *Robt. C. Dell Jr.,* for plaintiff in error.

*John E. Feagin,* contra.