## 23520. MATHEWS v. MATHEWS.

DUCKWORTH, Chief Justice. 1. The testimony on the motion for continuance because the clerk of the court allegedly refused to provide the contemnor with blank subpoenas being in conflict on this issue, the clerk testifying that he did not deny the contemnor the right to obtain subpoenas, the court did not err in denying the motion. This specification of error is without merit.

2. The colloquy or questions in regard to certain persons being called Communists had no bearing on the issue in this case, and the court properly ruled it not relevant on request of counsel; hence no harmful error has been shown, and the enumeration of error complaining of same is not meritorious.

3. There was sufficient evidence to show the contemnor was in arrears in the payment of alimony in the amount of $40 (two payments of $20 each), although other testimony showed he had overpaid the sums due. However, the oral order and the written order, both finding the contemnor in contempt were in conflict in that the oral order states that he might purge himself of the jail sentence and fine with the payment of the alimony due plus an advance payment of alimony not then due, while the written order required the jail sentence of 15 days, $175 fine, and ordered him to pay the $40 alimony in arrears and $20 advance alimony before being released from jail, and he cited that "the defendant has previously been contemptuous of the court's order in this same case," there being no evidence of previous contempt citations. These two

orders are confusing, based on irrelevant matter, and both contain penalties for direct summary contempt under *Code* § 24-2615 (5) rather than for a refusal to abide by an alimony decree which requires only conditional punishment pending the contemnor purging himself by paying such sums as he is able as shown by the evidence. Punishment for nonpayment of alimony—which is a debt—involving imprisonment, smacks of imprisonment for debt, barred by the Constitutions, and can not be inflicted for the act done but is to compel the doing of an act necessary for the protection of the public and the administration of justice. For the foregoing reasons, the contempt decree, oral or written, is void and must be set aside. See *Cobb v. Black,* 34 Ga. 162; *Gray v. Gray,* 127 Ga. 345 (55 SE 438); *Davis v. Davis,* 138 Ga. 8 (74 SE 830); *McCullough v. McCullough,* 208 Ga. 776 (69 SE2d 764); *Robbins v. Robbins,* 221 Ga. 627 (146 SE2d 628).

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 14, 1966—DECIDED JUNE 23, 1966.

*Oze R. Horton,* for appellant.