### 25372. BRANNON v. BRANNON.

FELTON, Justice. 1. Where the defendant father's sole defense to a citation for contempt of court was his past and present lack of ability to comply with four previous court orders to pay alimony awarded by a previous decree for the support of his two minor children, and where the evidence, although conflicting, showed, inter alia, that the defendant had borrowed $10,000 from a bank without putting up any collateral, the court, as the trior of fact, did not err in finding him financially able to pay the alimony and holding him in contempt.

2. The mother's alleged refusal to permit the defendant to exercise visitation rights with the children granted him by the decree, even if proved, has no bearing on the correctness of the contempt citation, since such refusal sets up no valid excuse for the defendant's failure to obey the mandates of the court, especially where, as here, the decree does not make the visitation rights of the father a condition precedent to the payment of alimony for the support of the children. *Stewart v. Stewart,* 217 Ga. 509 (1, 2, 3) (123 SE2d 547) and cit.

Nor can such alleged refusal be considered in connection with the defendant's counterclaim of contempt against the plaintiff, the enumerated error complaining of the judgment overruling said counterclaim having been specifically and voluntarily abandoned by the defendant-appellant.

3. The respondent in the contempt proceeding for failure to pay an alimony judgment was not entitled to a jury trial; therefore, the denial thereof was not error. *Branch v. Branch,* 219 Ga. 601 (1) (135 SE2d 269) and cit.

4. The defendant's confinement under the contempt order was not for debt, since, as held in Division 1 hereinabove, the evidence authorized the finding and the holding that the fail-

ure to pay was based upon a wilful disobedience of the court's mandate, rather than the inability to pay.

The court did not abuse its discretion in holding the respondent in contempt of court.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1969—DECIDED NOVEMBER 6, 1969.

*Stanley H. Nylen,* for appellant.

*Ross & Finch, Claude Ross, Ellis Ray Brown,* for appellee.