## 27113. FINT v. JOHNSON.

GUNTER, Justice. The notice of appeal filed in this case directed the clerk below to certify to this court only the judgment of the trial rendered in the case.

That judgment is as follows: "The above matter coming before the court for a hearing on the answer and cross action in accordance with the order of the court entered on November 19, 1971, and having been for providential cause continued until this date, after hearing evidence from the parties and argument of counsel the following judgment is entered:

"The court finds that the plaintiff has not violated the orders of the court and is not in contempt of court.

"The court finds that the defendant is in arrears in payment of child support in the amount of $12,500 through December 31, 1971, and that the defendant's failure to pay this sum is a wilful contempt of this court. Due to the unusual circumstances of this case the court fines the defendant $10.

"Costs of this proceeding are cast against the defendant.

"This December 30, 1971."

It is apparent from this meager record that the plaintiff must have brought an action for contempt against her former husband for failure to make child support payments, and that the former husband brought a cross action for contempt for some reason against his former wife.

The issues in the matter were tried before the trial judge without a jury.

The trial judge found that the former wife was not in contempt, that the former husband was in arrears in child support payments in the amount of $12,500 through December 31, 1971, and that the former husband was in contempt due to his failure to pay the amount due.

The punishment bestowed by the trial court upon the former husband for being in contempt was a fine of $10.

The first enumerated error complains that the trial judge abused his discretion in failing to make an award for the wife and children of a reasonable attorney's fee against the defendant as required by *Code Ann.* § 30-219. Due to the meagerness of the record certified to this court, neither the application for contempt nor a transcript of the evidence being before us, we cannot determine whether the appellant even prayed for attorney's fees below, and we certainly cannot determine that the trial judge abused his discretion in failing to award attorney's fees. This enumerated error is without merit.

The second and third enumerated errors contend that the trial judge found that the appellee was in arrears in child support payments in the amount of $12,500, and that he was in contempt, but that the trial judge erred and abused his discretion in imposing only a fine of $10 without providing for the enforcement of payment of the arrearage.

We consider these enumerated errors to be without merit.

Imprisonment for contempt is always conditional and is a matter solely within the sound discretion of the trial judge. A trial judge may at any time, in the exercise of

that discretion, discharge one who has been imprisoned for contempt. An appellate court will not interfere with the discretion utilized by a trial judge in bestowing punishment for contempt unless that discretion has been manifestly abused. See *Atwell v. Hill,* 226 Ga. 560, 562 (176 SE2d 60).

Generally, if a husband's excuses for failure to pay support money awarded by the divorce decree are sufficient, the court may or should deny punishment for contempt. See 27B CJS 662, § 321 (6).

Since there is no transcript of the evidence below before us, we cannot determine that the trial judge abused his discretion in fixing punishment for the contempt in the nominal amount of $10 and payment of court costs.

Furthermore, it seems to us that appellant, if she has a valid claim, can enforce it by writ of fieri facias pursuant to *Code* § 30-204.

This record does not show any error to have been committed in the trial court.

*Judgment affirmed. All the Justices concur.*
Argued April 10, 1972—Decided May 19, 1972.

*William T. Gerard,* for appellant.
*Alan M. Alexander, Jr.,* for appellee.