## 27884. BOWEN v. BOWEN.

UNDERCOFLER, Justice. Calhoun Austin Bowen brought a petition for contempt against his former wife Marcia Ann Bowen. He alleged she had violated the divorce decree by denying his visitation rights with their 2 1/2 year old daughter. The decree awarded the father certain specified visitation periods, "Provided, however, that if said child is sick during such period of visitation, such visit will be on the next weekend of the month at which the child is well." The principal issue is whether the mother was justified in denying the visitation rights because the child was allegedly sick. After hearing the trial court found the mother in contempt. He fined her $200, or in default thereof, confinement for 10 days. He awarded the father $400 for expenses of litigation and costs of the proceeding. The mother appeals. *Held:*

1. Enumeration of error No. 1 contends that the appellant cannot be in contempt for the alleged

violations because the divorce decree does not order her to perform any act but merely defines the father's visitation rights. We do not agree. The parties entered into an agreement which settled custody, visitation and other matters. This was incorporated into the judgment of the court granting the divorce as follows, "The court awards custody of the child as follows: In accordance with that certain agreement of the parties which is attached hereto and made a part hereof, and the parties are ordered to comply with all the terms thereof."

In our opinion the court specifically ordered the parties to comply with the custody and visitation provisions of the agreement which were merged into the judgment. Accordingly, a failure to comply therewith is a basis for contempt. *Neese v. Nance*, 223 Ga. 315 (154 SE2d 442).

2. Enumeration of error No. 2 contends the judgment of contempt cannot stand because (a) the child was sick and (b) the violations found by the trial court were not wilful. We have read the entire transcript of evidence very carefully. Briefly, it shows the father returned the child to the mother on November 25, 1972, at about 6:00 p.m. after a Thanksgiving Day visit. The father was denied his next visitation period for the December 3rd weekend. He filed his petition for contempt on December 6, 1972. Since then up to the date of the contempt hearing on January 17 and 18, 1973, he has been denied his visitation rights.

The mother testified the child was ill when returned to her on November 25, 1972, and at the time of the hearing had just fully recovered. She stated that the child's doctor prescribed antibiotics that night by telephone; that a doctor was visited on November 27, December 4, 26, 1972, January 3, 9, 15, 1973; that during this time the child was almost constantly on medication. Her mother, a registered nurse, corroborated her testimony. Doctor and drug bills show

charges for services and drugs to January 3, 1973. The mother testified bills beyond this date have not yet been received.

The father, his father, his grandmother, and a doctor friend who saw the child casually, all testified they had seen the child during the period under inquiry here and that she appeared perfectly normal and without any appearance of illness. The father contends the illness was a sham and fabricated to prevent his enjoyment of his visitation rights. The mother admitted she misrepresented the date on which she procured from the doctor a statement as to when he first prescribed for and saw the child in November. This statement was not introduced in evidence. There is evidence that the mother refused to reveal to the father the name of the child's doctor. There is no doctor's testimony. The evidence as to the child's illness, and its seriousness and duration, is in conflict. There is evidence to support the trial court's conclusion that the mother without cause deliberately denied the father's visitation rights and we cannot say it was error.

3. Enumeration of error No. 3 contends that the trial court had no authority to assess against the mother a fine of $200, or in default thereof, 10 days confinement. There is no merit in this contention. Code § 24-2615 provides the superior courts have authority "5. To punish contempt by fines not exceeding $200, and by imprisonment not exceeding 20 days." See *Holder v. Holder,* 226 Ga. 254, 256 (174 SE2d 408). *Beavers v. Beavers,* 148 Ga. 506 (2) (97 SE 65); *Davis v. Davis,* 138 Ga. 8, 11 (74 SE 830).

4. Enumeration of error No. 4 contends the trial court erred in awarding appellee $400 for expenses of litigation. The cost of the contempt proceedings, as in other civil proceedings, is allowable. *Warner v. Martin,* 124 Ga. 387, 393 (52 SE 446, 4 AC 180). Here, however,

the court ordered the payment of $400 for "expense of litigation and costs of this proceeding." The expense of litigation in a contempt proceeding is not allowable. The court is directed to delete that portion of the judgment which awards $400 for the expense of litigation. *General Teamsters Local Union No. 528 v. Allied Foods, Inc.,* 228 Ga. 479, 485 (186 SE2d 527). See also *Connell v. Connell,* 222 Ga. 765, 769 (152 SE2d 567).

5. Enumeration of error No. 5 contends the trial judge erred in not informing the mother of her constitutional right against self incrimination before she admitted on cross examination that she "lied" under oath as to the date the doctor signed the statement as to when he originally prescribed medication and saw the child. There is no merit in this contention. The trial judge was not required to inform the witness of her constitutional right against self incrimination in the absence of a request. *Moore v. State,* 130 Ga. 322 (2) (60 SE 544). The trial judge's instruction to the witness to answer the questions propounded related to previous questions which were not answered and not to the later question complained of here.

6. Enumeration of error No. 6 contends the trial court erred in ordering the doctor's written statement retained as a part of the record although it was not introduced into evidence. We know of no rule, nor does the appellant cite any, which prohibits the court from directing the retention of the statement under the circumstances here.

*Judgment affirmed with direction. All the Justices concur.*

ARGUED MAY 14, 1973 — DECIDED MAY 31, 1973 — REHEARING DENIED JUNE 21, 1973.

*Rupert A. Brown,* for appellant.

*William T. Gerard,* for appellee.