## 31686. EASLEY v. EASLEY.

HILL, Justice.

1. The former husband filed a "complaint" praying that the former wife be held in contempt for depriving him of his child visitation rights. The trial judge did not err in treating the "complaint" as a motion for contempt citation filed in the divorce case. Code Ann. § 81A-108 (f).

2. There is evidence to support the court's decision and thus the trial judge did not err in finding the former wife in contempt.

3. After finding the former wife to be in wilful contempt of court, the trial court entered an unconditional order that she spend two specified weekends in jail. The order finding the wife in contempt shows by its caption, content and purpose that it is a civil contempt order. For the differences between civil and criminal contempt orders, see Gompers v. Buck's Stove & Range Co., 221 U. S. 418 (31 SC 492, 55 LE 797) (1911); Penfield Co. v. S. E. C., 330 U. S. 585 (67 SC 918, 91 LE 1117) (1947). Civil contempt orders imposing a sentence to jail for violation of visitation rights should be conditioned upon compliance. *Stanton v. Stanton,* 223 Ga. 664, 668 (157 SE2d 453) (1967). See also Goetz v. Goetz, 181 Kan. 128 (309 P2d 655) (1957). Upon remand, the trial court is directed to modify its contempt order so as to make the wife's confinement in jail conditional upon her noncompliance with the order of the court.

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED NOVEMBER 12, 1976 — DECIDED JANUARY 6, 1977.

*Guy B. Scott, Jr.,* for appellant.
*Tom Strickland,* for appellee.

