### 32668. ENSLEY v. ENSLEY.

HILL, Justice.

This appeal raises the issue of whether a father who wilfully refuses to pay child support required by a divorce decree may be found guilty of criminal contempt of court and unconditionally imprisoned for 20 days pursuant to Code § 24-2615 (5).

The trial court found that the defendant father was able to pay the alimony and child support awarded in the

---

decree but had refused to do so. The court found him in contempt and sentenced him as follows: "It is hereby ordered and adjudged that the Defendant is in Contempt of this Court's Order for child support and he is ordered incarcerated in the common jail of Cobb County for a period of twenty (20) days from the 10th day of March, 1977. * * * It is hereby ordered and adjudged that the Defendant is in Contempt of this Court's order for failure to make the mortgage payments on the Stilesboro Road property in the amount of $1,057.12. It is further ordered and adjudged that upon the completion of the 20 day incarceration, the Defendant may purge himself of this Contempt by payment in full of the arrearage of child support of $700.00, and the mortgage payments on the Stilesboro Road property, in the amount of $1,057.12, for a total of $1,757.12."

The defendant-appellant enumerates that order as error and urges only that the sanction of criminal contempt (unconditional imprisonment) is not a sanction available to the trial court for his refusal to make payments required by a court order, as such imprisonment would constitute imprisonment for debt in violation of our Constitution (Code § 2-120).

The difference between civil and criminal contempt has been frequently stated (*Cobb v. Black,* 34 Ga. 162 (2) (1865); *Davis v. Davis,* 138 Ga. 8 (1) (74 SE 830) (1912); *Easley v. Easley,* 238 Ga. 180 (3) (231 SE2d 763) (1977)), and almost as frequently overlooked, e.g., *McCullough v. McCullough,* 208 Ga. 776, 778 (69 SE2d 764) (1952). Suffice it to say here that *purpose* is the key consideration. "A major factor in determining whether a contempt is civil or criminal is the purpose for which the power is exercised. Where the primary purpose is to preserve the court's authority and to punish for disobedience of its orders, the contempt is criminal. Where the primary purpose is to provide a remedy for an injured suitor and to coerce compliance with an order, the contempt is civil." 17 AmJur2d 7, Contempt, § 4. The conditional or unconditional imposition of a fine or imprisonment indicates the purpose of an order. If the contemnor is imprisoned for a specified unconditional period (not to exceed 20 days under Code § 24-2615), the purpose is

punishment and thus the contempt is criminal. If the contemnor is imprisoned only until he performs a specified act, the purpose is remedial and hence the contempt is civil. *Davis v. Davis,* supra.[1]

We note that there is nothing inherent in a divorce decree or alimony award which prevents wilful disobedience of its commands from being punished by criminal contempt proceedings. For example, an unconditional fine for refusal of a mother to allow a father's visitation was approved in *Bowen v. Bowen,* 230 Ga. 670 (3) (198 SE2d 862) (1973). In *Bowen,* the order provided that if the fine were not paid, the contemnor would be imprisoned for 10 days. Moreover, a small but unconditional fine for nonpayment of alimony was impliedly approved in *Fint v. Johnson,* 229 Ga. 188 (190 SE2d 32) (1972).

There is at least one decision, however, holding that the sanction of criminal contempt is not available to punish disobedience to an alimony award. *Mathews v. Mathews,* 222 Ga. 311 (3) (149 SE2d 666) (1966). In *Mathews,* the court reasoned that unconditional imprisonment for nonpayment of alimony would constitute imprisonment for debt.

On the other hand, there are numerous cases holding that imprisonment conditioned upon payment of alimony is not imprisonment for debt where the contemnor is found to be able but unwilling to pay. *Carlton v. Carlton,* 44 Ga. 216 (3) (1871); *Lewis v. Lewis,* 80 Ga. 706 (6 SE 918) (1888); *Heflinger v. Heflinger,* 172 Ga. 889 (159 SE 242) (1931); *Brannon v. Brannon,* 225 Ga. 677 (171 SE2d 123) (1969). Compare *Horton v. Horton,* 222 Ga. 430 (150 SE2d 630) (1966). Although *Carlton v. Carlton,* supra, and the subsequently cited cases involved civil contempt (i.e., conditional imprisonment), the logic of those cases nevertheless is applicable. A man who refuses to pay alimony or child support when he is able to do so is imprisoned for his refusal to abide by the court's order, not

---

[1] As noted in *Davis v. Davis,* supra, an attachment for contempt may be both civil and criminal, as in the case at bar.

for debt. As was said in *Carlton v. Carlton,* supra, p. 220: "The imprisonment must be clearly for the contempt of the process of the court, and be of one who is able and unwilling to obey the order of the court. . . And very clearly, it ought never to be resorted to, except as a penal process, founded on the unwillingness of the party to obey. The moment it appears that there is *inability,* it would clearly be the duty of the judge to discharge the party, since it is only the contempt, the disobedience upon which the power rests."

The lack of precision in our divorce-contempt decisions (including most recently this author's opinion in *Easley v. Easley,* 238 Ga. 180 (3) (231 SE2d 763) (1977)) arises from the correctly decided case of *Davis v. Davis,* 138 Ga. 8, supra. In *Davis,* the contemnor was ordered imprisoned, but not if he paid the alimony specified by the court. Although imprisonment was ordered, it was conditional. That was a civil contempt proceeding. This court found it to be a civil proceeding, saying (138 Ga. p. 10): "Attachment for contempt for failure to pay an amount of alimony ordered by the court is a remedial proceeding to enforce its payment for the benefit of one of the parties to the suit. This proceeding is not a penal process to punish as for contumacious conduct toward the court, but to enforce the payment of the sum ordered but not paid." The foregoing language has been quoted and cited as authority for the proposition that an attachment for contempt for failure to pay alimony is civil in nature. *Mendel v. Mendel,* 202 Ga. 675, 676 (44 SE2d 257) (1947); *Beavers v. Beavers,* 148 Ga. 506 (2) (97 SE 65) (1918); see also *Edwards v. Edwards,* 224 Ga. 224, 226 (160 SE2d 830) (1968).

Although cited for that proposition, neither *Davis v. Davis,* nor any of its progeny prior to *Mathews v. Mathews,* supra, held that criminal contempt was not available as a sanction for wilful refusal to pay alimony or child support. In fact, the court in *Davis* went on to find that there was no evidence to support a finding of criminal contempt in that case as there was no evidence of disrespect toward the court (138 Ga. pp. 10, 13). Implicit in this latter finding was the finding that criminal contempt would be available in a proper nonpayment of alimony case.

We find that error was committed in the third division of *Mathews v. Mathews,* supra, and *Brown v. Brown,* 237 Ga. 122 (2) (227 SE2d 14) (1976), which followed *Mathews.*

A father who wilfully refuses to pay child support which he is able to pay and which is required by an order of court may be found guilty of either civil or criminal contempt of court, or both, and dealt with as provided by law. The court below did not err in finding the defendant in contempt of court. However, in view of the reliance which the appellant father may have misplaced in *Mathews v. Mathews,* supra, and *Brown v. Brown,* supra, which we today overrule, the judgment of criminal contempt is vacated and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment vacated. All the Justices concur, except Jordan, J., who dissents.*

SUBMITTED AUGUST 19, 1977 — DECIDED OCTOBER 20, 1977.

*Paul R. Koehler,* for appellant.
*Grubbs & Platt, J. Milton Grubbs, David S. Marotte,* for appellee.

JORDAN, Justice, dissenting.

I dissent for the reasons stated in *Brown v. Brown,* 237 Ga. 122 (2) (227 SE2d 14), a unanimous opinion of this court concurred in by the author of the majority opinion.

In my opinion the ratio decidendi in *Brown* and *Mathews v. Mathews,* 222 Ga. 311 (149 SE2d 666) is sound law and should not be disturbed. Trial courts have generally been able to enforce alimony and child support payments by civil contempt, giving the contemnor "the keys to the jail" by allowing release upon condition of payment. I see no necessity to extend criminal contempt to this area of the law.

I respectfully dissent.