## 32952. FIELDS v. FIELDS.

BOWLES, Justice.

The appellant former wife and appellee former husband were divorced in 1973. In March of 1977, the appellant brought a contempt citation against the appellee, alleging that he had violated the terms of the court decree by refusing to expend $100 for school clothing and Christmas gifts for their minor child. The appellee filed a cross complaint for contempt, alleging that appellant had refused to allow him to exercise his

visitation rights. In its order dated April 18, 1977, the court found both parties to be in wilful contempt of court. The husband was ordered to pay the wife the sum of $100; however, no fine or sentence was imposed upon her at that time for her violation of the visitation provisions of the decree. The court made it clear in the order that the appellant was in wilful contempt, and that beginning with the weekend of April 23, the husband was to be allowed to exercise his visitation rights according to the terms of the original divorce decree.

Two months following the entry of that order, the appellee filed another contempt citation, alleging that the wife had again refused to allow him to exercise his visitation privileges. After hearing evidence, the court found that the appellant had failed to comply with the visitation rights as specified in the April 18, 1977 order, was in wilful contempt of that court order, and ordered appellant confined in the Clarke County Jail for 24 hours. It is from this order that appellant appeals.

Only two errors are enumerated.

1. In her first enumeration of error, the appellant contends that the trial court erred in not finding the facts specially and stating separately its conclusions of law as required by Code Ann. § 81A-152 (a).

"Since an application for contempt does not come within the definition of a pleading, it is necessarily a motion as defined in Code Ann. § 81A-107 (b), and the provisions of Code Ann. § 81A-152 which require findings of fact and conclusions of law by the trial court, are not applicable to motions." *Hines v. Hines,* 237 Ga. 755 (229 SE2d 744) (1976); *Whitener v. Whitener,* 238 Ga. 555 (233 SE2d 756) (1977); *Wilbanks v. Wilbanks,* 238 Ga. 660 (234 SE2d 915) (1977).

The application for contempt presented in this case was a motion before the court, not coming within the ambit of Code Ann. § 81A-152, and, as such, the trial judge did not err in failing to make special findings of fact and conclusions of law.

2. Appellant in her second enumeration of error contends that the court erred in finding her in criminal contempt and sentencing her to 24 hours in jail.

Citing *Easley v. Easley,* 238 Ga. 180 (231 SE2d 763)

(1977), the appellant urges that she is subject only to civil contempt for her failure to allow the appellee to exercise his visitation rights under the decree. In *Easley,* supra, a former husband filed a complaint praying that his former wife be held in contempt for depriving him child visitation privileges. After finding the former wife in wilful contempt of court, the court entered an unconditional order that she spend two weekends in jail. In affirming the lower court, with directions to modify its order, we recognized that the court's order finding the wife in contempt showed by its caption, content and purpose that it was a civil contempt order, and, therefore, being civil in nature, the sentence imposed for its violation should have been conditioned upon noncompliance with the order of the court. *Easley,* supra, did not hold that a court was precluded from subjecting a party to criminal contempt for failure to abide by the visitation provisions of a decree, but merely held that under the facts in that case, the contempt was purely civil, not criminal, and thus should have been conditioned upon compliance with the court's order.

It is well settled that "[I]f the defendant does that which he has been commanded not to do, the disobedience is a thing accomplished. Imprisonment cannot undo or remedy what has been done nor afford any compensation for the pecuniary injury caused by the disobedience. If the sentence is limited to imprisonment for a definite period, the defendant is furnished no key, and cannot shorten the term by promising not to repeat the offense. Such imprisonment operates, not as a remedy coercive in its nature, but solely as punishment for the completed act of disobedience." Gompers v. Bucks Stove &c., 221 U. S. 418, 442 (1910).

With respect to short periods of visitation the most practical means of enforcement is by use of criminal contempt as the visitation time period has usually expired before the court can act. In the instant case, both parties were initially found in contempt and were only reprimanded by the trial judge. In effect, they were warned not to be guilty of the same act again. Two months following that first order, the court found the appellant in contempt a second time for doing precisely that which the court had warned her not to do. Appellant's conduct here

was clearly criminal contempt, and, therefore, it was not error for the trial judge to imprison the appellant unconditionally for 24 hours.

In so holding we do not mean to imply that a party on whom a duty is imposed by court decree must again be forewarned before he or she can be guilty of criminal contempt as the original decree does this.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 28, 1977 — DECIDED NOVEMBER 8, 1977.

*Guy B. Scott, Jr.,* for appellant.
*Cook, Noell, Bates & Warnes, John S. Noell, Jr.,* for appellee.