## 34906. HOPKINS v. HOPKINS.

HALL, Justice.

Appellee Sharon Hopkins filed for divorce from appellant Kenneth Hopkins in June 1978. The parties

have a two-year-old child. After a hearing, the trial court fixed appellant's temporary alimony and child support obligation at $125 per week. In both August and October, appellee brought contempt actions against appellant. Each time, the trial court found appellant in wilful contempt for failure to pay alimony and child support and ordered him to pay the arrearage but imposed no penalty. In January 1979, appellee brought a third motion for contempt. This motion was consolidated for a hearing with appellant's motion to reduce the temporary alimony and child support award and change visitation. At the time of the hearing, the trial court found that appellant was apparently current with his support payments but found him in wilful contempt for failure to make timely payments under the original decree. For the wilful contempt, the trial court ordered appellant jailed for two successive weekends. The trial court also refused to modify the alimony and support award. Appellant appeals from the finding that he was in wilful contempt and from the penalty imposed.

1. Appellant contends that he cannot be held in criminal contempt because the trial court found at the hearing that he was current with his alimony and child support payments.

Criminal contempt with unconditional imprisonment may be used to preserve the court's authority and to punish disobediance of its orders. *Ensley v. Ensley,* 239 Ga. 860 (238 SE2d 920) (1977). Civil contempt, on the other hand, is conditional punishment which coerces the contemnor to comply with the court order. *Ensley v. Ensley,* supra. In this case, appellant was twice found in wilful contempt for his failure to abide by the court's order but was not punished. The trial court, on the third instance, was justified in finding appellant in contempt for his failure to make timely payments and in ordering him to jail for two weekends as punishment for his noncompliance. Full payment at the time of the hearing is not a defense because the trial court is punishing appellant for his past failure to obey the court's order.

2. Appellant also contends that the court erred by failing to make findings of fact and conclusions of law. A

motion for contempt is ancillary to a pending case, and no findings of fact or conclusions of law are required. *Fields v. Fields,* 240 Ga. 173 (240 SE2d 58) (1977); *Hines v. Hines,* 237 Ga. 755 (229 SE2d 744) (1976).

3. Appellant urges that incarceration in this case is punishment for debt which is forbidden by the Georgia Constitution. This constitutional attack was rejected in *Ensley v. Ensley,* supra. Incarceration for criminal contempt does not involve imprisonment for the underlying debt but imprisonment for failure to obey the order of the court. This enumeration of error is without merit.

4. Appellant urges that the trial court erred because in its order, the court did not specifically find that appellant was able to pay. As we stated earlier, no findings of fact or conclusions of law are required. Consolidated for hearing with the motion for contempt was appellant's motion to reduce alimony and child support, which was denied. The trial court had ample opportunity to acquaint itself fully with the financial status of the parties, including appellant's ability to pay. In the absence of a transcript, we must presume that the evidence supports the decision of the trial court. *Mallory v. Mallory,* 240 Ga. 63 (239 SE2d 384) (1977).

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents.*

SUBMITTED MAY 11, 1979 — DECIDED JULY 2, 1979 —
REHEARING DENIED JULY 18, 1979.

*William V. Hall, Jr.,* for appellant.
*Richardson, Chenggis & Constantinides, Robert P. Mallis,* for appellee.

