S93A0041. WEAVER v. WEAVER.
(428 SE2d 79)

HUNSTEIN, Justice.

This appeal arises from an award of attorney fees in divorce proceedings initiated by the appellee-husband. At the close of a non-jury trial, the trial court granted the appellee's request for an award of attorney fees based on its determination that "at least 50 percent of the litigation in this case was unnecessary and . . . [appellant], I think that was your fault." We granted the appellant's application for review of that order to determine whether the trial court's award constituted an abuse of discretion. See *Bowman v. Bowman*, 242 Ga. 259, 260 (248 SE2d 654) (1978).

> The General Assembly has granted trial courts broad discretion in awarding attorney fees and the costs of litigation in alimony and divorce cases . . . to ensure effective representation of both spouses so that all issues can be fully and fairly resolved. [Cit.]

*Johnson v. Johnson*, 260 Ga. 443-444 (396 SE2d 234) (1990). See OCGA § 19-6-2. Attorney fees are awarded to a spouse for the purpose of enabling that spouse to contest the issues raised in pending proceedings. See *Richardson v. Richardson*, 237 Ga. 830, 831-832 (1) (229 SE2d 641) (1976).

The transcript reveals that the trial court granted attorney fees to the appellee based on its determination that the appellant had been unreasonable and therefore at fault for unnecessarily protracting the litigation by a stubborn refusal to settle. While evidence of a spouse's willingness to reach a settlement may be relevant to the issue of the amount of attorney fees awarded,[1] see *Fenters v. Fenters*, 238 Ga. 131, 133 (3) (231 SE2d 741) (1977), whether a party is at "fault" for a refusal to settle is wholly irrelevant to the inquiry whether attorney fees should be awarded in the first instance. Under the circumstances, we conclude that the trial court's decision to grant the appellee's request for attorney fees was an abuse of the court's discretion. Far from enabling the appellee to litigate the issues arising out of his

---

[1] OCGA § 19-6-2 (a) (1) provides that the court must consider the financial circumstances of both parties as part of its determination of the amount of attorney fees.

divorce, the court's award of attorney fees to the appellee had the effect of penalizing the appellant for exercising her right to contest those issues. The "fault" of a party who does not settle cannot serve as the sole basis upon which to award attorney fees pursuant to OCGA § 19-6-2. Accordingly, with respect only to the attorney fee award made by the lower court in the present case, we vacate the judgment appealed from and remand the case with direction for consideration of the merits of the appellee's request for attorney fees. In so doing, however, we express no opinion whatever as to whether such an award would be appropriate.

*Judgment affirmed in part and vacated in part and case remanded with direction. All the Justices concur.*

DECIDED APRIL 12, 1993.

*English, Tunkle & Smith, Richard D. Tunkle,* for appellant.
*James N. Butterworth,* for appellee.