A95A2608, A95A2609. THEDIECK v. THEDIECK (two cases).
(470 SE2d 265)

Pope, Presiding Judge.

We granted Marianne Thedieck's application for a discretionary appeal of the superior court's order holding her in contempt for violating the visitation provisions of a child custody order. The instant two cases were numbered separately below because they arise from two separate petitions for contempt which Mark Thedieck filed; because they involve identical issues, the cases will be addressed together.

Marianne and Mark Thedieck were divorced by a consent judgment dated August 10, 1993. The judgment held that Marianne Thedieck would have custody of the parties' child and set forth visitation provisions for Mark Thedieck.

On June 29, 1994, Mark Thedieck filed a petition for contempt, alleging that Marianne Thedieck had wilfully violated the visitation provisions of the court's order by depriving him of eight visits with the child. Mark Thedieck also alleged that his ex-wife had violated the court's order by harassing and stalking him. He filed a second petition for contempt on October 21, 1994, alleging that his ex-wife had again prevented him from visiting the child. Both petitions requested an award of attorney fees and court costs and additional visitation.

Marianne Thedieck filed an answer to the petitions and counterclaimed. She claimed that she was fearful for her well-being and requested that the court modify the visitation and award attorney fees.

On February 22, 1995, the court conducted a hearing at which Mark Thedieck testified that Marianne Thedieck had caused him to miss 11 visits with the child. He submitted into evidence an affidavit which corroborated his testimony regarding one of the visits. Marianne Thedieck denied that she had violated the order; she claimed that the child had been sick on some of the scheduled visitations.

On April 10, 1995, the court issued an order concluding that Marianne Thedieck had wilfully failed to allow Mark Thedieck visitation more than 11 times. The court also found that Marianne Thedieck was in wilful violation of the court's order by continually harassing her ex-husband with phone calls and by going onto his property.

The trial court ordered that Marianne Thedieck be jailed from April 15, 1995, for 20 days and pay $5,000 in attorney fees and $180 for court costs and filing fees. The order stated that after serving 20 days and upon payment in full of the sums the court ordered, she was to be released. The court further ordered that she could purge herself of her contempt by paying the awards by April 14, 1995, and by allowing Mr. Thedieck to make up a portion of the missed visitation. The court ordered that if Marianne Thedieck failed to make the child available at the designated time, the Sheriff was to incarcerate her.

Marianne Thedieck filed a notice of intent to seek review and a demand for supersedeas. Here, she raises eight enumerations of error.

1. In several enumerations of error, Thedieck raises arguments regarding the nature of the court's order. She argues that the adjudication could not have been for civil contempt since, at the precise moment of the hearing there was no violation of the visitation provisions occurring, and thus no act to coerce. Furthermore, she claims that because the award of the attorney fees was not part of any prior order, she could not have been in contempt for failure to pay fees which were not yet due. Thedieck argues that if the adjudication was for criminal contempt, the incarceration sanction was excessive, and that the evidence to support this adjudication was insufficient.

"Since the trial court does not specify whether it found

[Thedieck] in civil or criminal contempt, we must examine the purpose of the contempt order. See *Ensley v. Ensley,* 239 Ga. 860 (238 SE2d 920) (1977). Where the primary purpose is to preserve the court's authority and to punish for disobedience of its orders, the contempt is criminal. Where the primary purpose is to provide a remedy for an injured suitor and to coerce compliance with an order, the contempt is civil. [Cits.] Because the purpose of the contempt order in this case is to obtain the wife's compliance with the divorce decree, the contempt is civil. Civil contempt orders imposing a sentence to jail for violation of visitation rights should be conditioned upon compliance. *Easley v. Easley,* 238 Ga. 180, 181 (231 SE2d 763) (1977)." (Punctuation omitted.) *Phillips v. Tittle,* 261 Ga. 820, 821 (411 SE2d 871) (1992).

In *Ensley v. Ensley,* supra, 239 Ga. 860, our Supreme Court explained: "[t]he conditional or unconditional imposition of a fine or imprisonment indicates the purpose of an order. If the contemnor is imprisoned for a specified unconditional period (not to exceed 20 days under [OCGA § 15-6-8 (5)]), the purpose is punishment and thus the contempt is criminal. If the contemnor is imprisoned only until he performs a specified act, the purpose is remedial and hence the contempt is civil. [Cit.]" Id. at 861-862.

Here, the conditional nature of the order indicates that the contempt imposed was civil. The order stated that Marianne Thedieck could purge herself of the contempt by paying the awards and by allowing Mark Thedieck to make up a portion of the missed visitation. In other words, the order sought to obtain Marianne Thedieck's compliance with the visitation provisions of the final judgment.

To the extent that the trial court's order conditioned Marianne Thedieck's avoidance of, or release from, incarceration upon payment of the attorney fees award, it was erroneous. A trial court is not authorized to enter an order which simultaneously awards attorney fees in a contempt proceeding and directs that the contemnor be incarcerated unless she pays the award. See generally *Burke v. Burke,* 263 Ga. 141, 142 (2) (429 SE2d 85) (1993); *Davis v. Davis,* 138 Ga. 8 (1) (d) (74 SE 830) (1912). Accordingly, this portion of the court's order conditioning the incarceration on the payment of attorney fees is reversed.

Thedieck's other arguments regarding the nature of the contempt order are without merit. Thedieck's argument that the evidence was insufficient for a finding of civil contempt is without merit. While Marianne Thedieck disputed the charges against her, a preponderance of the evidence supported the finding. *In re Booker,* 195 Ga. App. 561, 564 (4) (394 SE2d 791) (1990); see generally *In re Pruitt,* 249 Ga. 190, 191 (1) (288 SE2d 208) (1982).

2. Marianne Thedieck argues that the attorney fees award was

unauthorized. Although in Division 1 we conclude that the manner in which incarceration was imposed with respect to those fees was improper, the award itself was authorized.

First, as in *McDonogh v. O'Connor*, 260 Ga. 849 (400 SE2d 310) (1991), issues other than child visitation were at issue here — also at issue was the parties' compliance with various aspects of the divorce decree. Moreover, although previously attorney fees were not recoverable in a contempt proceeding involving only child custody or visitation rights, see *Smith v. Smith*, 244 Ga. 230, 231 (2) (259 SE2d 480) (1979); *Keith v. Keith*, 248 Ga. 819 (286 SE2d 434) (1982), OCGA § 19-6-2 (a) (1) has been amended to allow these fees. See Ga. L. 1985, pp. 877-878. The statute specifically provides that the "grant of attorney's fees as a part of the expenses of litigation, . . . whether the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, including but not limited to contempt of court orders involving property division, child custody, and child visitation rights, shall be . . . [w]ithin the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party. . . ." See generally *McDonogh v. O'Connor*, supra, 260 Ga. 849 (recognizes that statute grants trial courts broad discretion in awarding these fees in alimony and divorce cases); see also *Killmaster v. Killmaster*, 208 Ga. App. 449 (3) (430 SE2d 817) (1993).

3. We next address Thedieck's contention that the amount of the attorney fees awarded was excessive and that the court erred by failing to comply with OCGA § 19-6-2 (a) (1). As stated above, the statute mandates that a court consider the financial circumstances of both parties as part of its determination regarding the amount of attorney fees. *Weaver v. Weaver*, 263 Ga. 56 (428 SE2d 79) (1993). Here, because the record reflects that the court did not properly consider the parties' financial circumstances, we conclude that the court erred.

Mark Thedieck submitted evidence by affidavit which showed that his outstanding bills for attorney fees in the contempt matters totaled more than $6,000. Other than testimony regarding medical bills which he had paid, there was no evidence about Mark Thedieck's financial circumstances.

With respect to Marianne Thedieck's financial circumstances, there was evidence that she had no job, though she was trying to start a business. She testified that her three children lived with her in a house which was provided by her parents; that her vehicle was provided by her parents; and that her parents helped her out with money when she needed it. She stated that Mark Thedieck paid her $500 a

month in child support. She also testified that her mother had paid her initial attorney fees of $2,500 and that her mother paid fees of $7,500 to her second attorney.

We have also reviewed the record from the divorce proceeding. Though there was detailed financial information provided to the court before the divorce, that information was more than two years old at the time of the contempt hearing.

Although a more thorough examination of her financial circumstances might have shown that Marianne Thedieck was capable of paying the sum ordered, the record before us does not establish this fact. In the absence of consideration of Marianne Thedieck's financial status, the attorney fees award could amount to imprisonment for a debt. In civil contempt cases involving child support or alimony, imprisonment conditioned upon payment of the sums owed is not "imprisonment for debt where the contemnor is found to be able but unwilling to pay. [Cits.]" *Ensley v. Ensley*, 239 Ga. at 862. The logic of these cases is that "a man who refuses to pay alimony or child support when he is able to do so is imprisoned for his refusal to abide by the court's order, not for debt. . . . The imprisonment must be clearly for the contempt of the process of the court, and be of one who is able and unwilling to obey the order of the court. . . ." (Citation and punctuation omitted.) Id. at 862-863.

Here, because the court did not properly consider Marianne Thedieck's financial circumstances, there was no evidence that she was able to pay the attorney fees ordered. Thus, if Thedieck failed to pay the awarded fees, the failure would not necessarily be a refusal to abide by the court's order, but might simply arise from an inability to pay. Accordingly, with respect to the amount of the attorney fees award, we vacate the judgments and remand the cases with direction for a more detailed consideration of the parties' financial circumstances. See generally *Weaver v. Weaver*, supra, 263 Ga. 56. Following the court's receipt of evidence on this matter, the award of attorney fees may be reinstated, subject to our holding in Division 1.

4. Thedieck argues that the court's order omitted stipulated matters which had been approved by the court. We have reviewed this argument and find it without merit.

5. Finally, Thedieck argues that OCGA § 5-6-35 (a) (2) is unconstitutional in that it denies due process to a class of citizens based on social status. Essentially, she argues that there is an unfair distinction between the direct appeal provisions for contempt of OCGA § 5-6-34 (a) (2) and the discretionary appeal process for adjudications of contempt in domestic relations cases of OCGA § 5-6-35 (a) (2). When Thedieck's application for appeal was granted, this question became moot and we will not address it here.

*Judgments affirmed in part, reversed in part, vacated in part*

*and cases remanded with direction. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 15, 1996.

*Turner, Turner & Turner, Nelson G. Turner,* for appellant.
*Whitehurst, Cohen & Blackburn, Ronald A. Cohen, Long & Denton, Allen D. Denton,* for appellee.