**FIFTH DIVISION**
**DILLARD, P. J.,**
**REESE and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 20, 2017**

# In the Court of Appeals of Georgia

A16A1823. STANFORD v. POGUE.

REESE, Judge.

A mother appeals an order finding her in contempt of the Superior Court of Rockdale County and modifying the visitation rights of appellee father with respect to the parties' daughter. For the following reasons, we affirm.

The record indicates that, in April 2009, the trial court established paternity, awarded the parties joint legal custody, and granted the father visitation rights. In September 2015, the parties entered a consent "Order on Motion for Contempt" (the "Consent Order"), which, inter alia, modified the visitation schedule.

The father filed a motion for contempt in February 2016, complaining that the mother had willfully failed to comply with the Consent Order and had frustrated the father's attempts to exercise his visitation rights. After a hearing, the trial court found

that the mother had failed to comply with and was in willful contempt of the Consent Order.

The court modified the Consent Order to allow the father to pick up the child from school, rather than from the mother, on visitation days and ordered the mother "incarcerated for a period of twenty (20) days in . . . jail in order to purge herself of her willful contempt[.]"

1. The mother argues that the trial court erred in modifying the parties' prior visitation order, which had already been modified within the prior year, without making any findings that there had been a material change in condition or that the modification was in the best interests of the child.

Under OCGA § 19-9-3 (b), a court may periodically review and modify the visitation portion of a custody judgment without a showing of a change in any material condition or circumstance. Further, under this Code section, "the trial court is expressly authorized to modify visitation rights, on the motion of any party or on the motion of the judge, during a contempt proceeding."[1]

---

[1] *Cross v. Ivester*, 315 Ga. App. 760, 766 (2) (728 SE2d 299) (2012) (citation omitted). See also *Dennis v. Dennis*, 302 Ga. App. 791, 793 (1) (b) (692 SE2d 47) (2010).

"[I]f reasonable evidence exists in the record to support the trial court's decision to change visitation rights, then the decision of that court will stand . . . absent abuse of discretion."[2] Further, "[a] motion for contempt is ancillary to a pending case, and no findings of fact or conclusions of law are required."[3]

In this case, the mother's notice of appeal designated only a few items to be included in the record on appeal. "Our consideration of the contentions presented by [the mother]—who, as the appellant, has the burden to affirmatively show error by the record—is affected by the meagerness of the record."[4]

The mother notes in her appellate brief that she "was not represented by counsel at the [contempt] hearing and there is no transcript of the proceedings." However,

> [a] litigant, including a pro se litigant, has the burden to compile a complete record of what happened at the trial level which, at a minimum, includes a transcript of that portion of the proceedings in

---

[2] *Cross*, supra (citation and punctuation omitted).

[3] *Hopkins v. Hopkins*, 244 Ga. 66, 67-68 (2) (257 SE2d 900) (1979) (citations omitted). See also *Weickert v. Weickert*, 268 Ga. App. 624, 629 (2) (602 SE2d 337) (2004) ("[F]indings of fact to support custody modification are not required in the absence of a request by a party[.]") (citation omitted).

[4] *Kennedy v. Kennedy*, 309 Ga. App. 590 (711 SE2d 103) (2011).

3

which the error is alleged to have occurred or alternatively, a stipulation of the case approved by the judge who conducted the proceeding.[5]

The record on appeal does not show that the mother asked the trial court to make specific findings of fact. And, in the absence of a transcript, "we must presume that the evidence supported the trial court's ruling."[6] Accordingly, we find no error.

2. On appeal, the mother does not challenge the trial court's finding of contempt against her but complains only that the trial court erred in imposing unconditional incarceration for her violation of the father's visitation rights.

(a) As an initial matter, the trial court did not specify whether it found the mother in civil or criminal contempt, so we must look to the purpose of the order.[7]

> [T]he conditional or unconditional imposition of a fine or imprisonment indicates the purpose of an order. If the contemnor is imprisoned for a specified unconditional period (not to exceed 20 days under OCGA § 15-6-8 (5)), the purpose is punishment and thus the contempt is criminal.

---

[5] *Alexander v. Mosley*, 271 Ga. 2, 2-3 (1) (515 SE2d 145) (1999) (citing OCGA § 5-6-41 (c), (i); additional citation omitted).

[6] *Bonds v. Bonds*, 241 Ga. App. 378, 378 (2) (527 SE2d 215) (1999) (citations omitted).

[7] See *Phillips v. Tittle*, 261 Ga. 820 (411 SE2d 871) (1992).

If the contemnor is imprisoned only until he performs a specified act, the purpose is remedial and hence the contempt is civil.[8]

Here, the contempt order unconditionally directed that the mother be incarcerated for 20 days. Although the trial court added that the mother was incarcerated "in order to purge herself of her willful contempt," the substance of the order indicates that the trial court found the mother in criminal contempt as it did not give the mother an opportunity to avoid incarceration by complying with its order or performing another specified act.[9]

"Pursuant to OCGA § 15-6-8 (5), a trial court has the power to punish contempt . . . by imprisonment not exceeding 20 days."[10] Therefore, because the punishment

---

[8] *Thedieck v. Thedieck*, 220 Ga. App. 764, 766 (1) (470 SE2d 265) (1996) (citation and punctuation omitted).

[9] Cf. *Kaufmann v. Kaufmann*, 246 Ga. 266 (1) (271 SE2d 175) (1980) ("If the contemnor, although ordered imprisoned, may purge himself prior to the imprisonment, the case is a civil contempt."); *Hamilton Capital Group v. Equifax Credit Information Svcs.*, 266 Ga. App. 1, 3 (1) (596 SE2d 656) (2004) ("[T]he better approach is to allow direct appeals from [civil] contempt orders even if the contemnor is given the opportunity to purge the contempt before punishment is imposed.").

[10] *Johnson v. State*, 258 Ga. App. 33, 36 (2) (c) (572 SE2d 669) (2002) (punctuation omitted).

imposed did not exceed that which is authorized by OCGA § 15-6-8 (5), we find no error.[11]

(b) To the extent the mother contends that, under *Easley*,[12] the trial court was required to impose a conditional sentence for civil contempt, the Supreme Court of Georgia has rejected this argument.

> *Easley* . . . did not hold that a court was precluded from subjecting a party to criminal contempt for failure to abide by the visitation provisions of a decree, but merely that under the facts in that case, the contempt was purely civil, not criminal, and thus should have been conditioned upon compliance with the court's order.[13]

Accordingly, this argument is without merit.

*Judgment affirmed. Dillard, P. J., and Bethel, J., concur.*

---

[11] See *Fields v. Fields*, 240 Ga. 173, 175-176 (2) (240 SE2d 58) (1977) (trial court did not err in ordering appellant to be imprisoned unconditionally for 24 hours as punishment for her willful contempt of its visitation order). Cf. *Easley v. Easley*, 238 Ga. 180, 181 (3) (231 SE2d 763) (1977) (remanding for the trial court to make a mother's confinement in jail conditional where "[t]he order finding the wife in contempt show[ed] by its caption, content and purpose that it [was] a civil contempt order"); *Rhone v. Bolden*, 270 Ga. App. 712, 714-715 (2) (608 SE2d 22) (2004) (rejecting nomenclature of "criminal" contempt assigned by the trial court where the court had not punished the appellants for their past deeds, but only held them in contempt until they performed certain remedial acts).

[12] Supra.

[13] *Fields*, supra at 175 (2).